Memorandum. Judgment reversed and case remitted to the Supreme Court, Queens County, for new trial. The State is to make available to defendant a transcript of the preliminary hearing.
When the State constitutionally or statutorily affords a defendant a right, the exercise thereof cannot be conditioned upon the defendant’s ability to pay (People v. Hughes, 15 N Y 2d 172; People v. Pride, 3 N Y 2d 545; Long v. District Ct. of Iowa, 358 U. S. 192; Lane v. Brown, 372 U. S. 477; Douglas v. California, 372 U. S. 353; Gideon v. Wainwright, 372 U. S. 335; Griffin v. Illinois, 351 U. S. 12). Section 206 of the Code of Criminal Procedure provides that, where a preliminary examination was held and testimony recorded, the Magistrate or his clerk must, “ on payment of his fees ”, within two days after demand, furnish the defendant or his attorney a copy of the statement taken at the hearing. There is no doubt that section 206 affords one who is capable of paying for it an absolute right to a transcript of the preliminary hearing. Thus, the State cannot, consonant with the equal protection clause of the State and Federal Constitutions, deny a defendant, prior to trial, access to a transcript of a preliminary hearing because of his inability to pay (cf. People v. Jaglom, 17 N Y 2d 162, 165). We hold, therefore, that when a defendant requests a transcript and when that request is accompanied by an affidavit of indi-gency, the State must honor that request. We add one caveat. The request for a transcript should be made far enough in *995 advance of trial to give the State a reasonable amount of time to transcribe the minutes and to avoid the necessity of suspending the trial pending the production of the transcript.
Chief Judge Desmond and Judges Fuld, Van VooRhis, Busks, Scileppi, Bergan and Keating concur.
Judgment reversed and a new trial ordered.