Leroy **GOUDEAU**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17759.

Court of Criminal Appeals of Oklahoma.

April 13, 1973.

W. G. Pendergrass, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Leroy Goudeau, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma, Case No. CFR–72–39, for the offense of Robbery With Firearms, his punishment was fixed at forty (40) years in the state penitentiary and from said judgment and sentence, a timely appeal has been perfected to this Court.

As this case requires reversal for a new trial, we do not deem it necessary to recite all the facts.

The record reveals that on January 27, 1972, a preliminary hearing was held in this cause, wherein the defendant was bound over for trial. On March 3, 1972, the defendant filed an "Affidavit to Obtain Transcript in Forma Pauperis." The defendant alleged in this affidavit that he was destitute and without funds, that he was represented by the public defender's office and that the transcript of the preliminary hearing was necessary for his at-torney to prepare his defense for jury trial. A hearing was held on this motion and the court entered the following order:

"Now this matter coming on to be heard before me, the undersigned Judge of the District Court. Upon application of the Defendant as herein above named, and it appearing to this Court that Defendant is a pauper, and without funds or property to assist in the preparation of a defense to this charge, and it further appearing that it is a matter of the utmost necessity that Defense Counsel be equipped with complete transcript of the testimony of all witnesses at the Preliminary Hearing heretofore held on the 27th day of January, 1972.

"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Court Reporter, Bill Bradshaw, shall prepare and serve aforesaid within a reasonable time from the service upon said Reporter of this Order, and that the transcript of testimony shall be prepared and served prior to the trial of the Defendant in District Court, and that all costs of the preparation and service of said transcript shall be borne by the State of Oklahoma.

"BE IT SO ORDERED.

"Raymond W. Graham, Judge of the District Court."

On March 13, 1972, the case was called for trial at which time the defendant's attorney made the following motion:

"MR. SCOTT: Comes now the defendant and has previously objected to this case going to trial today on the grounds that a transcript was ordered for the— of the Preliminary Hearing and was ready by today according to the Court Reporter.

"The Court Reporter was sick and was gone for approximately two weeks and has given us a new certificate day stating that it will not be ready until the twenty-eighth.

"We have requested from the District Court that the case be passed until after

the twenty-eighth so that we would have the use and benefit of this transcript, and this was denied. Our exception was allowed.

"And again, we renew our objection to going to trial, today, because the case was set for the thirteenth to determine if bond could be set in this case and that's why the transcript was necessary for that and for the preparation of trial.

"And we make our objections at this time."

In the case of Waters v. State, Okl.Cr., 454 P.2d 325 (1969), this Court quoted with approval the following language from the case of People v. Montgomery, 18 N.Y.2d 993, 278 N.Y.S.2d 226, 224 N.E.2d 730 (1966):

"* * * [T]he New York Court of Appeals held in substance that the state cannot, consonant with equal protection clause of state and federal constitutions, deny defendant in criminal prosecution, prior to trial, access to transcript of preliminary hearing because of his inability to pay, and therefore when defendant requests transcript and when request is accompanied by affidavit of indigency, State must honor request if it is made far enough in advance of trial to give State reasonable amount of time to transcribe minutes and to avoid necessity of suspending trial pending production of transcript."

In view of the order entered on March 3, 1972, finding that it was of the "utmost necessity" that defense counsel be equipped with a complete transcript of the proceedings of the preliminary hearing and directing the Court Reporter to prepare same at cost to the State of Oklahoma, we believe the trial court erred in denying the defendant's motion for continuance.

For the reasons set forth above, we reverse and remand this cause for a new trial. Reversed and remanded for a new trial.

BUSSEY and BRETT, JJ., concur.