OPINION OF THE COURT
Saul Moskoff, J.
In this juvenile delinquency proceeding, respondent has moved by notice of motion dated February 29, 1980 and submitted to this court on April 17, 1980 for an order direct *726 ing the Corporation Counsel of the City of New York to furnish respondent with a copy of the minutes of a preliminary hearing which took place on January 10, 1980 at the Criminal Court in Queens County in the case of People v Partin.
Respondent has been charged with acting in concert with one John Partin who was apprehended and whose case is the subject of proceedings before the Criminal Court. Police Officer Michael Seroski was the arresting officer and he has submitted a supporting deposition dated December 11, 1979. Police Officer Seroski testified at the Criminal Court preliminary hearing and presumably will testify in this proceeding as a witness for the prosecution. The purpose of respondent’s motion is to obtain the statements of the police officer at the preliminary hearing for purposes of impeachment on cross-examination in this proceeding.
The right of a defendant to obtain and use pretrial statements of prosecution witnesses on cross-examination was established by the Court of Appeals in People v Rosario (9 NY2d 286, cert den 368 US 866). Under the Rosario doctrine a defendant is entitled to inspect pretrial statements of witnesses after the conclusion of the direct examination of the witness for the prosecution, provided that the statement relates to the subject matter of the witness’ testimony.
CPL 240.45 (L 1979, ch 412, § 2, eff Jan. 1, 1980) has codified the Rosario rule with certain procedural changes. CPL 240.45 (subd 1) states that in a nonjury trial the prosecutor shall make available to the defendant prior to the offering of evidence, “(a) Any written or recorded statement, including any testimony before a grand jury, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness’s testimony”. In order to avoid delays at trial necessitated to allow counsel to examine the statements, the codification requires the prosecution to turn over prior statements before the offer of any evidence rather than at the close of the witness’ direct testimony.
It is the respondent’s contention that CPL 240.45 (subd 1, par [a]) applies to the minutes of the preliminary hearing and that the Corporation Counsel is under an affirmative obligation to produce same, prior to the offering of evidence.
The Corporation Counsel concedes that respondent is enti *727 tied to examine the minutes of the preliminary hearing but opposes the motion on the ground that the Criminal Court proceedings are a matter of public record and as such are available to respondent by subpoena duces tecum or by requesting the transcript from the court reporter. The petitioner states that it must turn over only those materials which are within its exclusive possession, custody and control. The Corporation Counsel alleges in addition that it would be an "undue burden on the corporation counsel to have to provide minutes in any similar case and to pay for same with city monies”.
As the minutes of the preliminary hearing are considered to be Rosario material the issue which is presented by this motion is which side is responsible for the physical production of Rosario material for inspection by the respondent prior to trial.
This court finds that the plain language of CPL 240.45 to wit, "the prosecutor shall make available to the defendant” places the burden squarely on the Corporation Counsel to produce any and all prior written or recorded statements of its witnesses and to turn this material over to the defense at trial prior to the offer of any evidence. This section cannot be interpreted in any way to impose the burden upon the respondent’s counsel to obtain the material himself.
The legislative policy in enacting this section of the Criminal Procedure Law was to avoid the delays which had been occasioned by prior statement turnovers where the parties had to wait until after the direct testimony of a witness. The legislative memorandum of the Office of Court Administration states with regard to this statute, "After the jury has been sworn and before the prosecutor’s opening address, the prosecution must turn over to the defense prior statements of persons whom the prosecution intends to call as a witness” (McKinney’s 1979 Session Laws of NY, p 1890; emphasis added).
This memorandum evidences a legislative intent to place the burden directly on the prosecution to turn over prior statements of witnesses without regard to whether the respondent could obtain the statements himself through judicial subpoena or otherwise. CPL 240.20 (subd 2) and 240.30 (subd 2) state that the prosecutor is not required to obtain discovery material not in its possession, custody or control where the defense can obtain same by subpoena duces tecum. However, *728 no such provision is contained in CPL 240.45 with regard to prior statements of witnesses.
Further, except where there are exceptional circumstances a respondent is not permitted to discover the names and addresses of prosecution witnesses prior to trial (Matter of Vergari v Kendall, 76 Misc 2d 848, affd 46 AD2d 679; People v Hvizd, 70 Misc 2d 654). As respondent is not apprised of the identity of petitioner’s witnesses prior to trial, it would place an undue burden and cause undue delay for respondent to have to wait until the trial to find out the names of petitioner’s witnesses and thereupon obtain copies of prior statements himself. The delay inherent in such a procedure would be precisely what the Legislature sought to avoid by placing the burden on petitioner to turn over Rosario material prior to trial. The names of the prosecution witnesses and the existence of their prior statements is, for the most part, up until the time of trial, within the exclusive knowledge of the prosecution. Therefore, in the interests of time, so as to expedite a hearing on the merits, it is incumbent upon the prosecution to have prior statements of their own witnesses available for inspection by the respondent on the date set for trial. The defense is charged with a reciprocal duty imposed by statute, to produce the prior statements of persons who are to testify as witnesses for the defense. (See CPL 240.45, subd 2.)
This court also notes that cases decided prior to the codification of the Rosario decision also placed the burden on the prosecution to obtain prior statements of their own witnesses, including minutes of a preliminary hearing.
In Matter of Bertha K. (58 AD2d 811) the Appellate Division stated, "The Family Court abused its discretion when it refused to grant an adjournment in order to enable the Corporation Counsel to produce the minutes of the complaining witness’ preliminary hearing testimony in the criminal court.” (See, also, Matter of Kelvin D., 40 NY2d 895; People v Consolazio, 40 NY2d 446, 453, cert den 433 US 914; People v Nicolini, 76 Misc 2d 47.)
Accordingly, for all the above stated reasons, respondent’s motion is granted. The Assistant Corporation Counsel is hereby ordered pursuant to CPL 240.45 to make a copy of the requested minutes available to the respondent at the trial prior to the offering of any evidence by the Corporation Counsel.
*729 This case is to be recalendared by the clerk of the court for trial on July 1, 1980 in Part V.