OPINION OF THE COURT
Herman Cahn, J.
Under CPL 240.45, the People are required to provide a defendant with any prior recorded statements made by a person whom the prosecutor intends to call as a witness, if it relates to the subject of the witness’ testimony. The issue before the court is whether that requirement applies even though those prior statements were the testimony of a witness at defendant’s previous trial and hence, were heard by defendant and are as accessible to him as they are to the People.
Defendant is indicted for a violation of section 220.43 of the Penal Law (criminal sale of a controlled substance in the first degree). His trial is scheduled to commence almost immediately after the conclusion of another trial in which he is charged, together with another, of the same crime.
The major witness against defendant in the trial now taking place is an undercover police officer, who allegedly had a certain transaction with the defendant. The prosecutor has advised the court and defense counsel that the said officer will also testify against defendant at the second trial. Defendant seeks a ruling from the court, that the People will be required to furnish a transcript of the officer’s testimony at the earlier trial, to defendant, pursuant to CPL 240.45.
*1093 During the first trial, the People introduced the testimony of an undercover officer concerning alleged transactions which occurred on May 10,1983, and which form the basis for the first indictment. The People have stated, at a hearing, that they intend to produce that same officer as a witness in trying defendant on a second indictment and that part of the officer’s testimony will concern the events of May 10, 1983.
CPL 240.45, essentially a codification of People v Rosario (9 NY2d 286), in a different temporal context, provides:
“[a]fter the jury has been sworn and before the prosecutor’s opening address * * * the prosecutor shall * * * make available to the defendant:
“(a) Any written or recorded statement, including any testimony before a grand jury, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness’s testimony” (CPL 240.45, subd 1, par [a]).
Clearly, if the officer is to testify about the events of May 10, 1983, his statements made in the course of the earlier trial about those events “relates to the subject matter of the witness’s testimony”. (CPL 240.45, subd 1, par [a].) The question, then, is whether pursuant to CPL 240.45 (subd 1, par [a]) the People must furnish a transcript of the testimony even though such transcript would also be accessible to defendant.
The language of the statute is quite broad, applying to “[a]ny written or recorded statement” (CPL 240.45, subd 1, par [a]). Although not yet in a form intelligible to most people, the testimony of the officer was a statement and was recorded by the court reporter in the “language” peculiar to the occupation. The People argue that the statute would only apply if the transcript were actually in their possession, as is not the case here. In Matter of John M. (104 Misc 2d 725) the same argument was made. The court found that the plain language of CPL 240.45 placed the burden of producing the material squarely on the prosecutor and in no way placed, any burden upon the respondent. The court then pointed out that CPL 240.20 (subd 2) and 240.30 (subd 2) specifically stated that the prosecutor need not obtain discovery material not in its *1094 possession, custody or control where the defense could obtain it by subpoena but that there was no such exemption under CPL 240.45.
Clearly, there are differences between that case and the present one, but the distinctions are not such as to warrant a different conclusion. One variation is that the material sought here is trial testimony, while there it was preliminary hearing minutes. Since both are public proceedings, whose records needed to be transcribed, this distinction is of no legal significance.
A second more significant variation is that in this case, defendant was in fact present when the testimony was given while in Matter of John M. (supra), the minutes requested were from a preliminary hearing of a different juvenile with whom respondent has allegedly acted in concert and, therefore, respondent was not present when the testimony was given. While defendant and the People have equal access to the statements, this does not in any way shift the burden of producing those statements from the People to defendant. (Matter of John M., supra, at p 727.) Hence, the People, upon defendant’s request at the appropriate time, must provide a transcript of the testimony, to “ensure that the defendant receives the full benefit of a witness’ statements for impeachment purposes”. (People v Poole, 48 NY2d 144, 149.)
The court is not unmindful of the case of People v Zanotti (30 NY2d 926), in which the Court of Appeals stated that it was not improper for the trial court to decline to direct the District Attorney to provide defendant with the minutes of a prior trial at which defendant was present. This brief Per Curiam opinion was tempered with a statement that “[e]ven if defendant had been entitled to the minutes” such an error would have been harmless. (Supra, at p 927.) Moreover, the Zanotti opinion was rendered in 1972, several years before the Legislature enacted CPL 240.45.
The People shall, after swearing of the jury in the defendant’s forthcoming trial, furnish defendant with a transcript of the officer’s testimony elicited in the course of this trial.