OPINION OF THE COURT
Julius Vinik, J.
The issue before this court is whether the District Attorney must supply all defendants, indigent or not, with a free transcript of the testimony of the People’s witnesses given at a pretrial hearing. Is such testimony when given at a time that both defendant and his counsel are present Rosario material? Does CPL 240.45 (subd 1) require the District Attorney to supply these transcripts under all conditions? The court in People v Ward (121 Misc 2d 1092) apparently has answered these questions in the affirmative. This court respectfully disagrees.
After completion of a pretrial Huntley hearing counsel moved for an order compelling the District Attorney to supply him with a transcript of the pretrial minutes. Although counsel was retained by defendant, it is claimed that he is indigent. For the purposes of this decision it will be assumed that the defendant is now indigent. The indigency of a defendant has no effect on whether a particular item is discoverable under CPL 240.45 or qualifies as Rosario material.
In People v Ward (121 Misc 2d 1092, supra), the court relied heavily on CPL 240.45 in granting defendant’s request. CPL 240.45 as is relevant reads as follows:
*944 “1. After the jury has been sworn and before the prosecutor’s opening address * * * the prosecutor shall * * * make available to the defendant:
“(a) Any written or recorded statement, including any testimony before a grand jury, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness’s testimony.” (Emphasis supplied.)
While there is some question whether untranscribed testimony constitutes recorded statements (United States v Baker, 358 F2d 18, cert den 385 US 869) for the purposes of this decision the court will assume that such qualifies as a recorded statement (see Matter of Bertha K., 58 AD2d 811).[1]
The statute requires only that the People make the statement “available”. Nothing in the statute requires the People to order a stenographer to transcribe untranscribed minutes.
In People v Kuss (32 NY2d 436), defendant claimed that he was entitled to a transcript of a tape-recorded statement given by the People’s witness. The court rejected that argument and stated: “In our view the trial court fully complied with the Rosario mandate when it allowed an adjournment for more than a day in order to permit defense counsel to hear these tape-recorded statements in preparation for cross-examination. There is nothing in Rosario which imposes on the prosecutor the additional obligation of converting his work material into a form which would be most convenient for defense counsel at the trial. Nor is there any contrary authority in other jurisdictions which have adopted policies similar to Rosario (see Ann., Right of Defendant in Criminal Case to Inspection of Statement of Prosecution’s Witness for Purposes of Cross-Examination and Impeachment, 7 ALR 3d 181)” (p 446).
It is sufficient compliance with the availability requirement of Rosario (9 NY2d 286) if defense counsel “heard” the testimony. Further, if the prosecutor is not required to *945 transcribe a tape-recorded statement, then why should they be required to transcribe hearing minutes. Nothing in the statute requires the People to insure that what defendant and his counsel have heard on the witness stand be put in a convenient form for defense counsel at the trial.
Additionally, the People have made the transcript “available”. It is now well settled that an indigent defendant may apply to the court for a free transcript of the pretrial hearing (People v Montgomery, 18 NY2d 993; People v West, 29 NY2d 728; People v Zabrocky, 26 NY2d 530; Roberts v LaVallee, 389 US 40). By providing defense counsel with an opportunity to obtain a free transcript of the testimony the People have made the same available to him (see Britt u North Carolina, 404 US 226). The court finds that this satisfies the statutory requirement of availability.
Also, as stated in People v Copicotto (50 NY2d 222, 226): “The criminal discovery procedure embodied in article 240, adopted in substance from Rule 16 of the Federal Rules of Criminal Procedure (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 240, p 466; Judicial Conference Report on the CPL, Appendix B, McKenna, Memorandum and Proposed Statute Re Discovery, McKinney’s 1974 Session Laws of New York, pp 1860, 1868)”.
If the substance of rule 16 was adopted by CPL article 240 then the principles applicable to that rule should also be applicable to CPL article 240. It is well settled in the Federal courts that rule 16 does not encompass transcripts of prior testimony where defendant and his counsel were present (United States v Baker, 358 F2d 18,19-20, cert den 385 US 869, supra; United States v Munroe, 421 F2d 644, 645; United States v Harris, 542 F2d 1283, 1293; United States v Lurz, 666 F2d 69, 79; United States v Hensel, 699 F2d 18, 39-40). If rule 16 does not require the production of transcripts of prior testimony then it should be inferred that CPL article 240 does not.
To the degree that People v Ward (121 Misc 2d 1092, supra), relied on People v Rosario (9 NY2d 286, supra), this court must respectfully disagree. In People ex rel. Cadogan v McMann (24 NY2d 233, 236) the court stated: “The *946 Rosario case required only that all ex parte statements made by prosecution witnesses should be made available to the defense at the trial. It did not require that the defense be afforded transcripts of testimony given in the presence of both the defendant and his counsel, or that they be made available before the trial or before the prosecution witnesses had testified.” (Emphasis supplied.)
It is clear from this statement that the principle of Rosario does not require that defense counsel be “afforded transcripts of testimony”. It must be remembered that Rosario is not a rule of constitutional magnitude but a rule of fairness (People v Pinion, 56 AD2d 664, 665; People v Beal, 57 AD2d 306, 309; United States ex rel. Butler v Schubin, 376 F Supp 1241, 1247). This court sees no unfairness in requiring defense counsel to obtain transcripts which will be provided for him free.
The sense of fairness of Rosario led the Court of Appeals to decide the Montgomery-Ballott line of cases (see People ex rel. Cadogan v McMann, 24 NY2d 233, 235-236, supra). In People v Montgomery (18 NY2d 993, supra) the court ruled that an indigent defendant is entitled to a free transcript of a preliminary hearing. The rationale of Montgomery is that the sole method of obtaining transcripts in New York is by purchasing the same. Thus, since a wealthy person can purchase the transcripts it violates the equal protection of the law clause of the Constitution to deprive an indigent defendant of the same right (see, also, People v West, 29 NY2d 728, supra; People v Zabrocky, 26 NY2d 530, supra). If as argued by the Ward court (supra), the defendant is entitled to a transcript either as Rosario material or pursuant to statute, then the Montgomery assumption would be invalid. Certainly, the Court of Appeals would not hold that an indigent defendant is entitled to two free copies (the first before trial as a result of the Montgomery rule and the second during trial as a result of the holding in Ward).
Consistent with the Montgomery decision the Court of Appeals decided a line of cases beginning with People v Ballott (20 NY2d 600, 604-605; see, also, People v Sanders, 31 NY2d 463; People v Matz, 23 NY2d 196; People v Brooks, 88 AD2d 451). In People v Ballott (supra, at p 604) the court *947 stated: “In a case such as the present — where the first indictment had been dismissed because of insufficient evidence of identity and the first trial had resulted in a mistrial because the jury had been unable to agree on a verdict — the defendant’s need for the minutes of the earlier trial is particularly obvious. Under the circumstances, the defense was ‘entitled’ to procure the testimony previously given by the witnesses who were again to testify against him in order to enable him to conduct an effective cross-examination.” (Emphasis supplied.)
It is clear that the adjournment is granted to the defendant so that he may procure the transcript, and not that the People are obligated to provide them. If the People were obligated to provide such transcripts, then defendant’s motion for an adjournment should be denied, since he will be supplied with a transcript by the People. Any adjournment should be at the behest and risk of the People; yet, the Court of Appeals grants a defendant a virtual constitutional right to such adjournment.
It should also be noted that the Ward decision is inconsistent with the rules of discovery in other provisions of the CPL. The People need not give notice of a confession during which defense counsel is present (People v Michel, 56 NY2d 1014), nor need they give notice of a presentation to a Grand Jury where defense counsel heard the court announce that the case was being held for the action of Grand Jury (People v Monroe, 74 Misc 2d 292; People v Otello, 48 AD2d 169, 170-171), nor need the People obtain discovery material which is equally accessible to both parties (CPL 240.20, 240.30, subd 2); nor need they provide exculpatory material of which defense counsel is aware (People v Fein, 18 NY2d 162; DeBerry v Wolff, 513 F2d 1336; United States v Jones, 712 F2d 115, 122; United States v Slocum, 708 F2d 587, 599). Generally, where the evidence is not in the exclusive control of the prosecution and is readily accessible to defendant, then there is no duty upon the People to produce the same (Lugo v Munoz, 682 F2d 7, 9; see, also, Giles v Maryland, 386 US 66, 98, concurring opn, Fortas, J.).
For all the foregoing reasons, the court concludes that the District Attorney need not supply defendant with a *948 transcript of the prior testimony of a witness where defense counsel was actually present during such testimony (People v Zanotti, 30 NY2d 926, 927).[2] This is not to say that defense counsel is not entitled to a free transcript (People v Montgomery, 18 NY2d 993, supra) and this court merely holds that the District Attorney need not supply such transcript.

. It is interesting to note that CPL 240.45 (subd 1, par [a]) specifically states: “including any testimony before a grand jury”. Apparently the Legislature did not feel that testimony is included in the concept of recorded statements. Further, by including only Grand Jury testimony the statute implies that it excludes other forms of testimony (iexpressio unius est exelusio alterus).

. However, this court does not decide whether the People have an obligation to supply defense counsel with a free transcript of testimony when defense counsel was not actually present during the witness’ testimony (Matter of John M., 104 Misc 2d 725; cf. Matter of Jerome C., 120 Misc 2d 1078).