OPINION OF THE COURT
Judith Sheindlin, J.
The issue presented in this matter is whether the Court of Appeals holding in People v Zabrocky (26 NY2d 530) is applicable to Family Court proceedings.
The facts may be simply stated. Having granted respondent’s motion for a Wade hearing, this court set down this matter for a Wade hearing, and for a trial. The Wade hearing lasted, in its entirety, approximately 8 to 10 minutes. At the conclusion of the Wade hearing it was conceded that there had been no police-arranged confrontation. The Law Guardian requested an adjournment of the trial in order to obtain a transcript of the Wade hearing. The application was denied.
The court believes that the facts presented in People v Zabrocky (supra) are so distinguishable from juvenile proceedings as to render its application noncompulsory in certain cases. In People v Zabrocky (supra), a pretrial suppression hearing was conducted before a Judge. The subsequent trial was commenced one week later before a jury. The Court of Appeals held that it was reversible error not to have provided the defendant with the minutes of the suppression hearing at the time of trial.
*1064 Within the framework of juvenile proceedings there has been equivalent compliance with both Family Court Act § 331.4 and Zabrocky (supra). In the instant juvenile proceeding all parties and attorneys were present for the brief Wade hearing; the same Judge presided at the Wade and fact-finding hearing, the stenographer who recorded the Wade hearing remained in the courtroom to further transcribe the trial and was available to read back any prior testimony should it be necessary.
Over the objection of the Law Guardian the fact-finding hearing was commenced. It is interesting to note that neither the Law Guardian nor the prosecutor requested that any portions of the Wade hearing be read back during the course of the fact-finding hearing.
This court is mindful that pronouncements of the appellate courts form the framework within which all trial courts must adjudicate. This opinion does not presume to challenge the authority of People v Zabrocky (supra). Clearly, when there is a hiatus between the time of the preliminary hearing and the time of trial, and/or when the fact finder will not be the same judge who presided at the preliminary hearing, but rather a different judge or a jury, the necessity of obtaining the minutes of the preliminary hearing is crucial and obvious for purposes of effective cross-examination. The logical basis for this maxim has been well documented. Having been initially set forth by the Court of Appeals in People v Rosario (9 NY2d 286), subsequent case law has made it clear that Rosario is a rule of fairness and not one of constitutional proportions. (People v Pinion, 56 AD2d 664; People v Beal, 57 AD2d 306; People v Caban, 123 Misc 2d 943.) In addressing the issue of whether a defendant was entitled retroactively to the minutes of a pretrial suppression hearing, the Court of Appeals in People ex rel. Cadogan v McMann (24 NY2d 233) found it significant that the defendant and his lawyer were present at the pretrial hearing, had knowledge of what had occurred and an opportunity to make notes. These observations support the conclusion that logic and fairness form the basis for this rule.
Family Court Act § 331.4 states in pertinent part that the presentment agency shall at the commencement of the fact-finding hearing make available to the respondent any written or recorded statement made by a person whom the presentment agency intends to call as a witness at the fact-finding hearing. This statute is derived from CPL 240.45. However, the application of this rule in the Family Court must differ from the adult courts due to the nature of Family Court proceedings. In a *1065 criminal matter where the defendant is an adult pretrial hearings are held before a judge. The trial is usually held before a jury. Consequently, circumstances inherent in the adult criminal system necessitating the maxim set forth in Zabrocky (supra.) do not exist in the Family Court. The fact finder in the adult system during the trial (the jury) is not the same as the fact finder during the pretrial hearing and thus did not hear the testimony given at the pretrial hearing.
Juvenile delinquency proceedings are treated differently than proceedings in the adult system. The United States Supreme Court in upholding a section of the New York Family Court Act authorizing pretrial detention of juveniles recently stated: “There is no doubt that the Due Process Clause is applicable in juvenile proceedings. ‘The problem,’ we have stressed, ‘is to ascertain the precise impact of the due process requirement upon such proceedings.’ In re Gault, 387 U.S. 1, 13-14, 87 S.Ct. 1428, 1436-1437, 18 L.Ed.2d 527 (1967). We have held that certain basic constitutional protections enjoyed by adults accused of crimes also apply to juveniles. See In re Gault, supra, at 31-57, 87 S.Ct., at 1445-1459 (notice of charges, right to counsel, privilege against self-incrimination, right to confrontation and cross-examination); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (proof beyond a reasonable doubt); Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) (double jeopardy). But the Constitution does not mandate elimination of all differences in the treatment of juveniles. See, e.g., McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) (no right to jury trial). .The State has ‘a parens patriae interest in preserving and promoting the welfare of the child,’ Santosky v. Kramer, 455 U.S. 745, 766, 102 S.Ct. 1388, 1401, 71 L.Ed.2d 599 (1982), which makes a juvenile proceeding fundamentally different from an adult criminal trial. We have tried, therefore, to strike a balance — to respect the ‘informality’ and ‘flexibility’ that characterize juvenile proceedings, In re Winship, supra, 397 U.S., at 366, 90 S.Ct., at 1073, and yet to ensure that such proceedings comport with the ‘fundamental fairness’ demanded by the Due Process Clause. Breed v. Jones, supra, 421 U.S., at 531, 95 S.Ct., at 1786; McKeiver, supra, 403 U.S., at 543, 91 S.Ct., at 1985 (plurality opinion).” (Schall v Martin, 467 US_, 104 S Ct 2403, 2409.)
The factual situation in the instant matter is one in which logic, fairness and good common sense dictate that no further delay be occasioned in order to obtain the minutes of the brief pretrial hearing. In reaching this decision this court is also mindful of the rights of the victim. This court is aware of the *1066 difficulties often encountered in bringing a witness in to testify and is unwilling to compel a. victim to return to court on a later date to testify when it is wholly unnecessary.
In the Family Court the judge is the determinant of fact. It stands to reason that in evaluating the credibility of a witness, prior inconsistent statements are one test of present credibility. However, if we are to rigidly apply the cases in this area to all Family Court proceedings what is suggested is that the Family Court Judge and the attorneys lack the memory to recall what a witness has testified to some 15 to 20 minutes previously when confronted with a prior inconsistent statement. This supposition is not only degrading to the judge, it is illogical.
Based on the factual situation presented in this case, this court holds that when a preliminary hearing is conducted in the Family Court without a hiatus and the same judge is prepared to commence the trial, the respondent is not entitled to an adjournment to secure the preliminary hearing transcript.