OPINION OF THE COURT
Alan D. Marrus, J.
Must the District Attorney furnish to the defendant the minutes of a preliminary hearing at which the defendant was not present but at which the same witnesses testified who will testify at a second preliminary hearing for the defendant? The court holds that the District Attorney is under no obligation to furnish prior testimony of witnesses to the defense where the defense is aware of the prior testimony and has equal access to it. It is irrelevant that the defendant was not personally present when the prior testimony was given.
On April 29,1985, the District Attorney was ready to proceed to a preliminary hearing for both the defendant and his codefendant, David West. When the defendant’s attorney, however, did not appear for the hearing, the court conducted a preliminary hearing as to the codefendant only and adjourned the case against the defendant for new counsel to be assigned. On May 1, 1985, new counsel was assigned, and the District Attorney announced ready for a second preliminary hearing. Defense counsel contests the District Attorney’s readiness to proceed, however, arguing that the People cannot be ready unless they first provide the defense with a copy of the minutes of the first preliminary hearing. The District Attorney contends that the defense may order the minutes if it so wishes, but the District *247 Attorney is.under no obligation to secure the minutes for the defense.
The applicable statute is CPL 240.44 (1) which provides:
“Subject to a protective order, at a pre-trial hearing held in a criminal court at which a witness is called to testify, each party, at the conclusion of the direct examination of each of its witnesses, shall, upon request of the other party, make available to that party to the extent not previously disclosed:
“1. Any written or recorded statement, including any testimony before a grand jury, made by such witness other than the defendant which relates to the subject matter of the witness’s testimony.”
A similar provision in CPL 240.45 requires the District Attorney to “make available to the defendant” at trial prior written or recorded statements of witnesses called at trial. Several court decisions have interpreted this latter provision as compelling the prosecution to furnish to the defense the transcript of the pretrial testimony of witnesses the prosecution intends to call at trial. (People v Ward, 121 Misc 2d 1092 [Sup Ct, NY County 1983]; Matter of Jerome C., 120 Misc 2d 1078 [Fam Ct, NY County 1983]; Matter of John M., 104 Misc 2d 725 [Fam Ct, Queens County 1980].) Another court has interpreted a comparable provision of the Family Court Act, section 331.4, to require the District Attorney to furnish the defense with the minutes of the trial of an adult codefendant. (Matter of David G., 125 Misc 2d 704 [Fam Ct, Bronx County 1984].)
In the Ward decision, the court required the prosecution to furnish the defense with the prior trial testimony of a witness who testified at the defendant’s first trial. Another decision, People v Caban (123 Misc 2d 943 [Sup Ct, Kings County 1984]), disagrees with Ward (supra) and holds that the prosecution is under no obligation to furnish to the defense testimony given at a time when both defendant and his counsel are present.
It is the view of this court that the District Attorney is not required to furnish the defense transcripts of testimony given by witnesses the prosecution intends to call at a subsequent proceeding, as long as the defense is aware of the existence of this prior testimony and has equal access to it. This is so regardless of whether the defendant and his attorney were actually present when the prior testimony was given.
The seminal case in New York is People v Rosario (9 NY2d 286 [1961]). It is evident from a reading of that case that the New York Court of Appeals intended that the defense would *248 have access to prior statements of witnesses called by the prosecution so that defense counsel would be free to decide what use, if any, the prior statements could be used for impeachment of the witnesses’ testimony. “As long as the statement relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential, defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination.” (People v Rosario, supra, at p 289.) Access to the statements and self-determination by the defense as to how to use them were the key elements of the Rosario decision. Indeed the Court of Appeals itself defined the purpose of the Rosario decision as follows: “to afford the defendant a fair opportunity to use a witness’ prior relevant statements for impeachment purposes.” (People v Poole, 48 NY2d 144, 150 [1979]; emphasis added.)
CPL article 240 has codified this access requirement by compelling the District Attorney to “make available” prior written or recorded statements of his witnesses which relate to the subject matter of the witnesses’ testimony. This statutory provision also requires the defense to “make available” to the District Attorney the written or recorded statements of its witnesses. There simply is no reasonable basis for interpreting article 240 to require either the prosecution or the defense to furnish to the other side the minutes of prior testimony given by their witnesses if the other side is aware of the prior testimony and has equal access to it.
To read such a requirement into the statute would place an undue burden on either the prosecution or defense. Why should the District Attorney be required to furnish statements he does not have in his possession and which he has no greater access to than the defense? Why should the District Attorney pay to secure such testimony if the defendant is able to pay for it himself? If the defendant is indigent, the government has made provision for him to obtain the minutes free of charge. (See, County Law §§ 722-b, 722-c; People v Sanders, 31 NY2d 463 [1973].)
Implicit in the reciprocal discovery provisions of the Criminal Procedure Law is the concept that both the prosecution and the defense should turn over to each other material which each has in its files or that to which it has superior access. Grand Jury testimony, which is the only testimony specifically identified in article 240, is peculiarly within the control of the District Attorney and cannot be readily ordered by the defense. Thus, it makes perfect sense to require the District Attorney to turn over to the defense the actual transcript of the Grand Jury testimony.
*249 Transcripts of courtroom proceedings, however, would normally be available to either side. If the defense wants the prior testimony of a prospective prosecution witness, the defense can secure the testimony. If the District Attorney wants the prior testimony of a prospective defense witness, the District Attorney can secure the testimony. If the opposing party has been made aware of the prior testimony and has equal access to it, the “make available” requirement of article 240 has been met. In such a case, the opposing party would have had “a fair opportunity” (see, People v Poole, supra) to use that testimony for impeachment purposes.
Requiring the party who wants the minutes to order them promotes the administration of justice. Before the People announce “ready” for a hearing or a trial, they should not have to be put to the burden of securing testimony given by their witnesses at prior courtroom proceedings. If the defense wants the minutes, the adjournment should be at their request. The party seeking the minutes would normally have a greater incentive to move expeditiously. This is particularly true where, as here, the defendant is incarcerated.
If the existence of the prior testimony is not made known to opposing counsel before the hearing or trial commences, then a completely different situation exists. The party calling the witness in its behalf would then be obligated to provide the transcript of the prior testimony. (See, e.g., Matter of Bertha K., 58 AD2d 811 [2d Dept 1977].)
In the present case, the defendant was at all times aware of the preliminary hearing involving the codefendant. Indeed, he would have been a party to that proceeding had not his attorney (not present counsel) failed to appear. The defendant could just as easily order the minutes of that preliminary hearing as could the District Attorney. The court finds, therefore, that the People are ready to proceed to a preliminary hearing, but that the defendant is entitled to an adjournment if he wishes to secure the transcript of the testimony at that hearing.