OPINION OF THE COURT
Raymond Harrington, J.
The defendant moves this court, through his attorney, for an order granting various forms of pretrial relief as follows:
1. Pursuant to CPL 240.45 and People v Rosario (9 NY2d 286 [1961]), People v Consolazio (40 NY2d 446 [1976]), People v *576 Perez (65 NY2d 154 [1985]), People v Ranghelle (69 NY2d 56 [1986]), and People v Jones (70 NY2d 547 [1987]), directing the prosecution to provide the defendant with a copy of the stenographic minutes of the testimony of all police officers who testified at defendant’s previous New York County trial;
2. Pursuant to section 722-c of the County Law and CPLR 1102 (b), directing that the defendant be provided with a copy of the stenographic minutes of the testimony of all police officers who testified at defendant’s New York County trial;
3. Pursuant to section 722-c of the County Law and CPLR 1102 (b), directing that the defendant be provided with a copy of the stenographic minutes of the pretrial hearings, the trial and all other relevant proceedings relating to the above-captioned indictment;
4. Pursuant to section 722-b of the County Law and CPLR 1102 (b), directing that Gino Josh Singer be assigned as counsel for the defendant for the remainder of this proceeding, and that said counsel be compensated at the rate established by section 722-b of the County Law;
5. Granting a continuance for a reasonable period of time to enable the minutes of the New York County trial to be transcribed so the defendant will have said minutes available to him during the course of the hearings and trial in the above-captioned case;
6. Granting a continuance for a reasonable period of time to enable the minutes of the pretrial hearings and other relevant proceedings in this case to be transcribed so the defendant will have said minutes available to him for posthearing briefing and the trial of this action; and
7. Granting such other and further relief which to the court seems just and proper.
1. PRIOR TRIAL TESTIMONY
The court presumes that this request also encompasses a request to produce this material at the pretrial hearings in this case pursuant to CPL 240.44. While the notice of motion does not make such a request, from paragraph 11 of counsel’s affirmation, and also from item 5 in the notice of motion of the defendant, the court infers such a request is made.
In the first instance, since the request is based upon CPL 240.44 and 240.45, it must be limited to material "made by a person whom the prosecutor intends to call as a witness” (CPL 240.45 [1] [a]) at hearings and/or trial. People v Rosario (supra) *577 and its progeny have never required more. Therefore, to the extent that this application seeks the testimony of all police officers who testified at defendant’s previous New York County trial, it is denied as to any witnesses at that New York County trial whom the People do not intend to call at the hearings and/or trial of this indictment.
The court recognizes in all candor that the cases decided on this issue are divided and the rationale of many of the opinions is confusing (compare, People v Caban, 123 Misc 2d 943 [Sup Ct, Kings County 1984], with People v Ward, 121 Misc 2d 1092 [Sup Ct, NY County 1983]).
Some cases have held that the untranscribed prior testimony of the People’s witnesses does not constitute "recorded statements” of those witnesses within the meaning of the so-called Rosario and Jencks decisions (Jencks v United States, 353 US 657; Fed Rules Crim Pro, rule 16; United States v Baker, 358 F2d 18, cert denied 385 US 869). CPL article 240 was adopted in substance from rule 16 of the Federal Rules of Criminal Procedure (People v Copicotto, 50 NY2d 222, 226). Under this rationale, such testimony would not be governed at all by the Rosario rule and by CPL 240.45 or 240.44 and, therefore, the failure of the People to produce such testimony would not be per se error under the Consolazio-Perez-Ranghelle-Jones line of cases. Indeed, the Court of Appeals, in the context of an appeal of a habeas corpus proceeding in which the relator sought the vacating of a judgment against him where he was denied a copy of the suppression hearing minutes prior to trial, held that the Rosario rule applied only to ex parte statements of the People’s witnesses to the police, District Attorney or Grand Jury (People ex rel. Cadogan v McMann, 24 NY2d 233, 236). The court stated (at 236): "The Rosario case, however, held merely that the defense was entitled, at the trial, to the prior statements of prosecution witnesses made 'to police, district attorney or grand jury’ * * * The defense was thereby given access to ex parte statements that would otherwise remain undisclosed to him throughout the trial. The Rosario case required only that all ex parte statements made by prosecution witnesses should be made available to the defense at the trial. It did not require that the defense be afforded transcripts of testimony given in the presence of both the defendant and his counsel, or that they be made available before trial or before the prosecution witnesses had testified.”
While CPL 240.44 and 240.45 now refer to "[a]ny written or *578 recorded statement” of a prosecution witness, that legislation does not undercut the Court of Appeals view that Rosario (supra) was intended to apply to ex parte statements which, without the prosecutorial obligation, would otherwise remain undisclosed. Indeed, while the Court of Appeals in People v Perez (supra) extended the Rosario rule to a witness’s recorded statement to a private party, the court was persuaded to do so because the recorded statements were solely in the control of the prosecutor and the failure to disclose them substantially damaged the defense since defense counsel was led into a trap (People v Perez, at 159). The court stated (at 159), "[t]he fairness concept embodied in the Rosario rule cannot be said to have been satisfied when pretrial statements revealing a potential trap for the cross-examiner are furnished to defense counsel only after the trap has sprung”. The hallmark of all of these cases is fairness. To whom the witness makes the statement is not germane to that concept. What is the salient point to the Rosario fairness concept is disclosure prior to examination of the witness so that the cross-examiner can decide what questions to ask and what questions to avoid asking (People v Poole, 48 NY2d 144, 149).
As another court stated: "It is interesting to note that CPL 240.45 (subd 1, par [a]) specifically states: 'including any testimony before a grand jury’. Apparently the Legislature did not feel that testimony is included in the concept of recorded statements. Further, by including only Grand Jury testimony the statute implies that it excludes other forms of testimony (expressio unius est exclusio alterus). ” (People v Caban, supra, at 944, n 1.)
Accordingly, this court holds that transcripts of testimony given in the presence of both the defendant and his counsel are not required to be produced by the Rosario rule or by the codifying statutes (CPL 240.45 [1] [a]; 240.44 [1]). The court, therefore, declines to direct the prosecutor to provide these transcripts (People v Zanotti, 30 NY2d 926, 927).
The court further notes that if this rule were not adopted, the line of cases commencing with People v Montgomery (18 NY2d 993) and People v Ballot (20 NY2d 600) would simply make no sense. That an indigent defendant under these cases is entitled to a free transcript of his preliminary hearings and/or an earlier trial is not in doubt. He must be granted a reasonable adjournment to procure such transcripts. But the adjournment is granted to the defendant to procure the tran *579 scripts, not that the People are obligated to provide them (People v Caban, supra, at 944; People v Grissom, 128 Misc 2d 246, 248 [Crim Ct, NY County 1985]).
The case cited by the defendant, Matter of John G. (91 AD2d 685 [2d Dept 1982]), and the cases cited in that opinion, Matter of Bertha K. (58 AD2d 811 [2d Dept 1977]) and Matter of John M. (104 Misc 2d 725 [Fam Ct, Queens County 1980]), all concern whether the People are required to provide a free transcript of testimony to a defendant where defense counsel was not actually present during the witness’s testimony. There is no need for this court to rule on that issue in this case. However, the court harkens to the concept that such issues should be decided by the cornerstone of fairness and the court should ensure that defendant receives the full benefit of the witness’s statement for impeachment purposes (People v Poole, supra). If counsel is aware of such testimony and is afforded adequate time to obtain the same, fairness is achieved (People v Caban, 123 Misc 2d 943, supra; People v Grissom, supra).
2, 3 and 4. free transcripts and assignment of retained COUNSEL
These motions are denied upon the papers submitted. The defendant is granted leave to renew this motion within 10 days of entry of this order, upon proper papers, including an affidavit setting forth precisely what fees and other remunerations were received and what services were provided on the New York County indictment and this matter. Such papers shall also include an affidavit of the defendant detailing his full financial situation, as well as his wife’s financial situation, which detail shall include full assets, both real and personal.
Frankly, the court has examined the bail bond for $50,000 filed in this matter, as well as the present papers, and notes the contradictions between the substantial assets listed in the bond and the defendant’s affidavit dated May 17, 1988.
5 and 6. continuances to obtain transcripts
Reasonable periods for continuances at the defendant’s request in order for the defendant to procure such transcripts will be granted. As to the "reasonableness” of such requests, counsel should be in direct communication with the court stenographers and provide the court with detailed information concerning when such transcripts will be available.