THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES M. DI COSTANZO, Appellant.

Fourth Department, January 16, 1969.

---

* We, of course, are not presently called upon to, nor do we, determine the rights of spouses under subdivision (5).

Anthony J. Langan for appellant.

Frank A. Gualtieri, Jr., (Jon K. Holcombe of counsel), for respondent.

DEL VECCHIO, J. On September 5, 1966 the dead bodies of Mr. and Mrs. Di Costanzo were discovered in their home. The medical examiner, by whom autopsies were performed on September 6, expressed an opinion that death had occurred at least two days prior thereto. Defendant, who was being held in Jefferson County Jail on a traffic charge, was interviewed by the State Police and an Assistant District Attorney of Onondaga County in the early morning of September 6. After the *Miranda* warnings had been given, defendant said "I wanted to get this off my chest" and gave the details as to the manner in which he had killed his parents and what he had been doing between the time of the killings and his arrest for a traffic violation.

On September 29, 1966 defendant was arraigned on an indictment charging him with two counts of murder, first degree. In November he was examined by a psychiatrist at the request of his attorneys. In February, 1967, after all other preliminary motions had been decided, a *Huntley* hearing was held and on March 17 the Trial Judge rendered a decision in which he found that defendant's oral admissions were voluntary beyond a reasonable doubt and admissible upon the trial.

On the morning of June 8, 1967 just before proceeding to draw a jury, defendant, in the Judge's chambers, for the first time expressed his desire to waive a jury trial. He was thereafter given an opportunity to prepare a written instrument to comply with section 2 of article I of the New York State Constitution. In presenting the written application counsel stated that defendant desired "to proceed with trial before the Court alone". The application was denied in the exercise of judicial discretion. After the jury had been drawn and accepted, the request was renewed and again denied. The jury returned a verdict of murder in the first degree on the first count and murder in the second degree on the second count. Defendant

appeals upon the sole ground that it was reversible error to deny the application to waive a jury trial. No claim is made that defendant did not receive a fair and impartial trial by the jury nor that the evidence did not support the verdicts.

Since the record did not disclose the facts considered by the Trial Judge nor his reasons for the denial of the requested jury waiver, we remitted for further proceedings in accordance with a memorandum. (30 A D 2d 769.)

At the hearing conducted pursuant to the order of this court it was conceded that prior thereto defendant had offered no reasons in support of his request but contended then, as he does now, that the waiver was a matter of absolute right. It is now settled that a defendant does not have an absolute right to waive a trial by jury and that the Trial Judge does have a limited discretion to deny such a request. (*People ex rel. Rohrlich* v. *Follette,* 20 N Y 2d 297.) In our opinion the reasons adduced at the hearing do not overcome the '' compelling ground arising out of the attainment of the ends of justice '' which required that the request be denied. (*People* v. *Duchin,* 16 A D 2d 483, 485, affd. 12 N Y 2d 351.)

That '' compelling ground '' was stated by the Trial Judge in his decision reaffirming his earlier denial of the jury waiver — viz., the fact that a trial on the merits by the Judge alone would deprive defendant of a second determination, by a jury, of the voluntariness of inculpatory statements made by defendant, which had already been found to be voluntary, after a *Huntley* hearing, by the Judge who was about to start the trial on the indictment.

The dissent suggests that this disadvantage could have been overcome by a transfer of the case to a different Judge for trial. However, no request for such a transfer was ever made by defendant and it is apparent that when the requests to waive the jury were made, on the day the case was scheduled for jury selection, everyone involved contemplated that the Judge who had already been engaged in the case would preside at the trial; the only question raised was whether a jury would or would not participate. It now appears from the written statement presented at the hearing that defendant specifically intended that the trial should be had before the same Judge who conducted the *Huntley* hearing. Even at this late date, defendant himself does not suggest that a change of Judges could or should have been effected to relieve him of the disadvantage of having the voluntariness of his statements ruled on again by the Trial Judge who has frankly stated that he was '' hardly likely '' to '' reverse his finding at the trial that he

made following the Huntley hearing ''. The procedure adopted by defendant, in making the request to waive the jury and seeking to go to trial before the same Judge who had conducted the *Huntley* hearing, would have prejudiced his right to a fair trial. (Cf. *People* v. *Pratt,* 27 A D 2d 199.)

Furthermore, from the fact defendant had been examined by a psychiatrist before the *Huntley* hearing, it became apparent that the defense might be, as in fact it was, insanity. This possibility lent added support to the Judge's conclusion that the ultimate issue of defendant's legal culpability for the homicides should be determined by a jury rather than by the Judge who had already found that statements made by defendant within a few days after the killings were made under circumstances such as to be admissible on the trial. Such a finding, based upon the evidence presented at the *Huntley* hearing, might well cast doubt upon a defense of insanity in the eyes of the Judge who had made the finding.

The foregoing circumstances clearly indicate that it served the ends of justice and was for the best interests of the defendant to deny the application. We conclude that upon the record before him at the conclusion of the hearing ordered by this court, the Trial Judge's denial was a fair and proper exercise of discretion.

Accordingly, the order and the judgment of conviction should be affirmed.

BASTOW, P. J. (dissenting). I would reverse the judgment of conviction of June 28, 1967 entered on the verdict of the jury and the order entered October 18, 1968 denying defendant's application to waive a jury trial, grant the motion, and direct a new trial before a Judge other than the one who presided at the jury trial.

In 1966 an indictment was returned charging defendant in two counts with the crimes of murder, first degree, in that on September 1, 1966 with premeditation and deliberation he killed his natural mother and father. Prior to the commencement of the jury trial defendant filed a formal written instrument with the court waiving a jury trial. The court denied the application '' in the exercise of its judicial discretion.'' It cited *People* v. *Diaz* (10 A D 2d 80, affd. 8 N Y 2d 1061) and stated that since it was vested with discretion '' I exercise the discretion and deny the application.'' The jury found defendant guilty of murder, first degree on the first count, and murder, second degree on the second count. Concurrent terms of 25 years to life were imposed.

Upon argument of the appeal from the judgment of conviction we were "left to speculation as to the reason for the denial (of the motion), and (since) speculation provides no substitute for a reason compelling rejection" (*People* v. *Duchin,* 16 A D 2d 483, 485–486, affd. 12 N Y 2d 351) we held the appeal and remitted for further proceedings. In writing (30 A D 2d 769) we stated that the ultimate question was "whether or not the trial court improvidently exercised its discretion in denying the application. * * * The written instrument was legally sufficient to alert the trial court to the necessity of obtaining further facts, by hearing or otherwise, upon which its discretion could have been exercised." We also granted defendant permission to elaborate upon his reasons for seeking to waive a jury trial.

Thereafter, a formal hearing was held before the Trial Judge at which a new writing executed by defendant and his attorneys was presented. Therein, there was a further statement elaborating upon defendant's reasons for seeking to waive a jury trial. The trial court adhered to its original decision and again denied the motion. I find it unnecessary to review the several grounds set forth by the court in its memorandum in an attempt to sustain its original decision, except to state that its ambiguous finding that "It seems doubtful to this court that this defendant fully understood the right he was giving up by requesting a waiver of a jury trial" is contrary to the proof. I would find that the waiver prior to trial and the more recent one were knowingly and intelligently made with the advice and assistance of his two attorneys.

The guidelines have been recently and precisely stated in (*People ex rel. Rohrlich* v. *Follette,* 20 N Y 2d 297, 300–301): "Since the passage of the amendment [to section 2 of article I of the New York Constitution] the rule which has evolved from the cases is that the requirement of judicial approval is designed to insure that the defendant's waiver is a knowing and intelligent one and that the discretion of the Trial Judge to deny a defendant's request to waive a jury trial is limited to those cases in which some 'compelling ground arising out of the attainment of the ends of justice' requires that the request be denied. (*People* v. *Duchin,* 16 A D 2d 483, 485, affd. 12 N Y 2d 351.) Thus, where the defendant is requesting judicial approval to waive a trial by jury with the intent of securing some unfair 'procedural advantage — such as, for instance, a separate trial on an indictment involving several separate defendants jointly charged with the commission of crime,' the request may prop-

erly be denied. (*People* v. *Duchin,* 12 N Y 2d 351, 353, *supra; People* v. *Diaz,* 10 A D 2d 80, affd. 8 N Y 2d 1061.) ''

In my opinion the refusal of the Trial Judge herein to grant the request to waive a jury trial was an improvident exercise of discretion. '' The constitutional amendment authorizing a waiver with the approval of the Trial Judge was never intended to empower the Trial Judge to refuse a requested waiver merely because, in a disagreeable case, he desires to be exempted from the responsibility of passing on the facts.'' (*People ex rel. Rohrlich* v. *Follette, supra,* p. 301.) I find no '' compelling ground arising out of the attainment of the ends of justice '' that would sustain the denial of the applications.

The Trial Judge, who denied the motion, also presided at a pretrial hearing at which certain statements were found to have been voluntarily made by defendant. In his memorandum the Judge stated that it was '' hardly likely that the same Judge would reverse his finding at the trial that he made following the Huntley hearing.'' The short answer is that the new and nonjury trial should have been directed to have been had before a different Judge. The fact that defendant and his attorneys were content to proceed to trial before the same Judge should not now be used as a weapon against appellant to justify the improvident exercise of discretion by the court in denying the application for a nonjury trial.

The judgment of conviction and the order denying the application to waive a jury trial should be reversed and a new trial granted before the court without a jury.

GOLDMAN, WITMER and HENRY, JJ., concur with DEL VECCHIO, J.; BASTOW, P. J., dissents and votes to reverse and grant a new trial before the court without a jury.

Order entered October 18, 1968, and judgment, affirmed.