■ In the Matter of SIDNEY L. GARWIN et al., as Executors of PAUL SALMONY, Deceased, Respondents. MARIE E. SATZ, Appellant.—Order, Surrogate's Court, New York County, entered on August 22, 1975, unanimously affirmed for the reasons stated by Midonick, S., with $60 costs and disbursements payable out of the estate to all parties appearing separately and filing separate briefs. Concur—Markewich, J. P., Kupferman, Silverman, Lane and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS A. RIVERA, Appellant.—Judgment, Supreme Court, New York County, rendered on November 21, 1973, unanimously affirmed. Concur—Lupiano, J. P., Capozzoli, Lane and Nunez, JJ.; Birns, J., concurs in the following memorandum: I concur in the affirmance, but not without reservation. Counsel for defendant in anticipating cross-examination of Moore, a police informant, had requested a transcript of Moore's testimony at an earlier trial of Maisonet stemming from the same episode which resulted in the trial of the defendant here. Moore was an important witness for the People. Although furnished with a copy of the testimony of Maisonet's trial, it was only when Moore was about to take the stand at the trial of the defendant that it was realized by defense counsel, the District Attorney, and the court that Moore's testimony had not been transcribed. The trial court, emphasizing a shortage of court reporters, refused to delay defendant's trial and wait for the transcript of requested testimony. Although counsel for defendant had been present at the Maisonet trial when Moore testified, her recollection of the event could not be an adequate substitute for the specific questions and answers provided by Moore at the Maisonet trial. The problem of the absent minutes could have been met not only by delaying defendant's trial, but by ordering the reporter at Maisonet's trial to read the direct and cross-examination of Moore to defense counsel in advance of cross-examination. Apparently this latter option was not utilized. In preparing the prosecution during the months between Maisonet's trial and the trial of the defendant herein, the prosecutor could have anticipated the problem too, and made an effort to procure the transcribed testimony of Moore. However, I am constrained to vote for affirmance in view of the overwhelming proof of guilt. In the circumstances, an available transcript of Moore's testimony even if used by defense counsel in cross-examination would not have changed the verdict of the jury (*People v Rosario*, 9 NY2d 286).