Memorandum. In our view, the trial court erred in refusing to provide defense counsel with copies of the sought-after police documents. The interview summaries were drawn directly from prior statements of prosecution witnesses to the initial officers on the scene. The police report and arrest forms were, in turn, based upon information derived from the earlier statements. The defendant was entitled to the use of these prior statements during the cross-examination of these witnesses. (People v Rosario, 9 NY2d 286, 289, cert den 368 US 866; see People v Consolazio, 40 NY2d 446.) The fact that the defense counsel examined the documents during the course of the investigating officer’s testimony does not suffice to overcome the erroneous refusal to provide defense counsel with copies for use during the examination of the witnesses who gave the prior statements to the initial officers on the scene. It is hardly realistic to expect that defense counsel would retain sufficient memory of the salient details to enable him to conduct a searching cross-examination. Nor does the fact that the documents were not marked for identification relieve the prosecution from the duty to provide the defense, upon request, with copies of the prior statements of its witnesses.
*897 We also note that, throughout the trial, the defense counsel and trial court became involved in a number of acrimonious exchanges, during the course of which the court made injudicious comments respecting the conduct of the trial and credibility of witnesses. Since a new fact-finding hearing must be conducted, prudent policy dictates that, upon remand, the case be assigned to another Judge.
Accordingly, the order of the Appellate Division should be reversed and the matter remitted to the Family Court for a new fact-finding hearing before a different Judge.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, without costs, and matter remitted to the Family Court, Queens County, for further proceedings in accordance with the memorandum herein.