In the Matter of BERTHA K., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of disposition of the Family Court, Kings County, dated April 29, 1976, which, upon a fact-finding adjudication that appellant is a juvenile delinquent, placed her on probation for a period of one year. Order reversed, on the law and in the interest of justice, without costs or disbursements, and proceeding remanded to the Family Court for a new fact-finding hearing. The Law Guardian appointed to protect the infant had no knowledge, until the cross-examination of the complaining witness at the fact-finding hearing, that said witness had testified at a preliminary hearing in the criminal court regarding the incident herein. The juvenile in this proceeding was not the defendant in that case. The Family Court abused its discretion when it refused to grant an adjournment in order to enable the Corporation Counsel to produce the minutes of the complaining witness' preliminary hearing testimony in the criminal court. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.

In the Matter of S. WILLIAM KLEIN, Appellant, v FRANCES KLEIN, Respondent.—In a support proceeding pursuant to article 4 of the Family Court Act, petitioner appeals from an order of the Family Court, Kings County, dated January 21, 1977, which, inter alia, awarded a counsel fee for services rendered to respondent's attorney on a prior appeal and denied petitioner's cross motion to vacate a payroll deduction order. Order modified, on the law and the facts, by reducing the amount of the payroll deduction to the sum of $50 per week. As so modified, order affirmed, without costs or disbursements. The petitioner was not entitled to restitution or recoupment of alimony payments made. "It has been so held in respect of alimony pendente lite (Surut v. Surut, 191 App. Div. 570), and in respect of permanent alimony (Griffin v. Griffin, 219 App. Div. 370; see, also, 27 C. J. S., Divorce, § 215)." (Haas v Haas, 271 App Div 107, 109.) The payroll deduction order should be reduced, however, to reflect this court's reduction of support to $50 per week (see Matter of Klein v Klein, 54 AD2d 908). It is also alleged by the petitioner that section 438 of the Family Court Act is unconstitutional. Since the petitioner made no request for counsel fees, nor was any such request denied, it is apparent that he lacks standing to raise this issue (see 8 NY Jur, Constitutional Law, §§ 50-52). The award of counsel fees was properly made under that statute. Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.