■ VIVA ENTERPRISES, INC., Appellant, v ALAN CARTOUN et al., Respondents, et al., Defendant. — Order of the Supreme Court, Nassau County, entered May 15, 1981, affirmed, insofar as appealed from, without costs or disbursements, for the reasons stated in the opinion of Justice Young at Special Term. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.

■ In the Matter of JOHN G., a Person Alleged to be a Juvenile Delinquent, Appellant. — In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of disposition of the Family Court, Queens County (Corrado, J.), dated December 9, 1981, which, upon a fact-finding determination made after a hearing, that appellant had committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree, placed him in the custody of the New York State Division for Youth, Title III, for a period not to exceed 18 months. The appeal brings up for review the fact-finding determination. Order reversed, on the law, without costs or disbursements, fact-finding determination vacated, and proceeding remitted to the Family Court, Queens County, for a new fact-finding hearing. During the course of the fact-finding hearing, another youth, who was charged with acting in concert with appellant in the incident which is the subject of this proceeding, was tried in another part of the Family Court. The witnesses who testified against appellant were witnesses at the other hearing. The court should have granted appellant's request to be provided with the relevant portions of the transcript of that proceeding, and a reasonable adjournment, if necessary, should have been allowed (*Matter of Bertha K.*, 58 AD2d 811; *Matter of John M.*, 104 Misc 2d 725). A witness' prior statements which are relevant to the subject matter of his or her expected testimony, and are not privileged, should be provided "no matter what the form and no matter when made" (*People v Cavallerio,* 71 AD2d 338, 344). By failing to order the production of the pertinent minutes, as allowed by section 166 of the Family Court Act, the Family Court failed "to ensure that the [appellant] receive[d] the full benefit of [the] witness[es'] statements for impeachment purposes" (see *People v Poole*, 48 NY2d 144, 149). This error cannot be deemed harmless (*People v Consolazio,* 40 NY2d 446, 454-455). Gibbons, J. P., O'Connor, Rubin and Boyers, JJ., concur.

■ In the Matter of RANDY H., a Person Alleged to be a Juvenile Delinquent, Appellant. — In juvenile delinquency proceedings, the appeal is from an order of disposition of the Family Court, Kings County, dated December 9, 1981 (Palmer, J.), and modified on March 23, 1982 (Rand, J.), which, upon appellant's guilty pleas, adjudicated him a juvenile delinquent and placed him with the New York State Division for Youth. Order, as modified, reversed, on the law, without costs or disbursements, the fact-finding determinations are vacated, and the proceedings are remitted to the Family Court, Kings County, for further proceedings consistent herewith. As the Corporation Counsel concedes, the fact-finding hearing on which the challenged order of disposition is based was inadequate. The record fails to show either a waiver by appellant of his rights or any factual statements by him underlying his pleas. Accordingly, the order must be reversed (see *People v Gina M. M.,* 40 NY2d 595; *Matter of Lawrence S.,* 29 NY2d 206; *Matter of Sherman W.,* 88 AD2d 997; *Matter of Myacutta A.,* 75 AD2d 774; *Matter of John R.,* 71 AD2d 896). Lazer, J. P., Weinstein, Bracken and Rubin, JJ., concur.