OPINION OF THE COURT
Stanley Gartenstein, J.
It is appropriate in the context of the prosecutions before the court to underscore the fact that the People’s obligation to the defense in Rosario (9 NY2d 286, cert den 368 US 866) situations is grounded upon principles of basic fairness to facilitate effective cross-examination. It is not that of an insurer nor an obstacle course. Neither is it meant to serve as an opportunity for a street wise defendant to cause the criminal justice system to grind to a halt while it awaits his pleasure. As translated into the instant litigation, these basic truisms impel us to hold that when the prosecution has severed as against a defaulting respondent or defendant who is being sought on a warrant, the minutes of the first trial, although technically Rosario material, need not be the subject of a turnover order on the second trial when counsel for the defaulting defendant was actually present at the time of severance and chose not to remain for the trial of the first defendant.
the facts
Jerome C., charged with second degree robbery (Penal Law, § 160.10), third degree grand larceny (Penal Law, § 155.30) and third degree criminal possession of stolen property (Penal Law, § 165.40) while acting in concert with *1079 seven others, was arrested with four other alleged coperpetrators. The underlying allegations involve forcible theft of a coat and other personal property on December 12,1982 at about 2:00 a.m., in the 116th Street Broadway subway station. Two of the alleged coperpetrators are being tried in the adult criminal justice system. The remaining coperpetrators are before this court charged with acting in concert. On the date set for trial, petitioner answered ready for trial as did the corespondent. Counsel for this respondent, although present and noting his appearance on the record, could not account for his client’s absence. As a result, a warrant was issued; severance granted; and the trial of the corespondent went forward. Respondent was apprehended on the warrant in due course and remanded for trial. Prior to commencement of this second trial, counsel demanded the minutes of the first trial as Rosario material and objected to this trial going forward unless and until the presentment agency first supplied them as a condition precedent to being allowed to proceed to trial. The court denied this application and ordered the trial to go forward. This formal opinion supplements the court’s oral ruling.
“rosario” material.
“The right of a defendant to obtain and use pretrial statements of prosecution witnesses on cross-examination was established by the Court of Appeals in People v Rosario (9 NY2d 286, cert den 368 US 866). Under the Rosario doctrine a defendant is entitled to inspect pretrial statements of witnesses after the conclusion of the direct examination of the witness for the prosecution, provided that the statement relates to the subject matter of witnesses’ testimony”. (Matter of John M., 104 Misc 2d 725, 726.)
The basic doctrine of People v Rosario (supra) has been the subject of a number of esoteric applications both in trial and appellate courts. Its basic thrust remains the same, viz., to insure basic fairness via effective cross-examinatian, a process which experience has found to be the single most effective test of a witness’ credibility and the best method of arriving at the truth.
Rosario was codified into CPL 240.45, effective January 1, 1980. This statute places a substantial burden on the prosecution. It has been held to foreclose bickering as to *1080 which instrumentality, prosecution or defense, has the ultimate burden of obtaining public records the existence of which is known to both sides, and has established an almost across-the-board rule defining same as the prosecution’s obligation (cf. Matter of John M., supra). This concept has been indorsed on the appellate level to the extent of reversing a Family Court finding of guilt after trial after the trial court refused to grant an adjournment during which the prosecution would be ordered to produce the minutes of a complainant’s testimony in the Criminal Court. (Matter of Bertha K., 58 AD2d 811; see, also, Matter of Kelvin D., 40 NY2d 895; People v Consolazio, 40 NY2d 446, cert den 433 US 914.)
Without a doubt, minutes of a prior trial against a coperpetrator are Rosario material and delivery thereof the unquestioned burden of the prosecution. In a case bearing strong resemblance to the matter at bar, the Appellate Division, Second Department, reversed a finding of guilt by the Family Court after the Trial Judge refused to direct that a transcript of a severed trial of a coperpetrator being conducted in another part of the very same court be provided to the defense (Matter of John G., 91 AD2d 685).
Although the instant matter involves, as did John G., a severed trial of coperpetrators at which the same witnesses testified, this matter is distinguishable from John G. by the fact that the respondent here was in default and the subject of a warrant issued in open court with his counsel ready and fully in a position to attend the first trial and make whatever notes he deemed necessary. On the other hand, John G. was a situation where severance was caused by defense counsel’s injury in an accident, and did not involve, as does the instant matter, an intentional default where a defendant’s mere failure to appear at his own whim would place the prosecution in the untenable position of being penalized for his default.
Even the Second Department which decided John G. has recognized the dual truism that (a) the prosecution is not an insurer; and (b) that Rosario rights are bottomed in policy considerations rather than on any cognizable constitutional right. In People v Beal (57 AD2d 306, 309-310) *1081 affirming a conviction in the face of the People’s “unexcusable error” in presenting Rosario material, the Second Department stated: “Clearly it was error, and no valid reason existed to refuse to adjourn the suppression hearing in order to * * * obtain the requested materials. As was stated in People v Rosario (9 NY2d 286, 289): ‘a right sense of justice entitles the defense to examine a witness’ prior statement, whether or not it varies from his testimony on the stand.’ Justice is never to be sacrificed upon the altar of speed under any circumstances. Yet this truism does not terminate the inquiry but rather initiates it, for as this court recently noted in People v Pinion (56 AD2d 664), the right to Rosario materials is ‘bottomed upon “policy considerations” and “a right sense of justice” (People v Rosario, 9 NY2d 286, 289) * * * [such rights] have in no way been predicated upon “a fundamental constitutional right” to such material.’ Here the requested materials were not withheld as a result of the prosecution’s bad faith, but simply because of a transcription problem and a clerical lapse by Officer Farrell. The threshold question, therefore, is whether any reasonable reading of the missing items provides a basis for concluding that the defendant was unduly prejudiced.”
In a field of law wherein appellate holdings must of necessity be on a case-by-case sifting of procedural facts, it is understandably difficult to assess the state of the law in any particular appellate department. At best, a matching of common denominators might yield some insight into the attitude prevailing in a particular department. The First Department, in which we find ourselves, has apparently never gone as far as the Second Department did in John G. (91 AD2d 685, supra). Typical of this department is the holding in People v Rivera (52 AD2d 551), which affirmed without opinion the trial court’s refusal to delay a defendant’s trial in order to await transcription of a witness’ testimony at a codefendant’s previous trial owing to a shortage of court reporters.
We hold therefore that lacking any legal excuse for the default in question which occasioned the severance in the first instance, that respondent’s default was intentional thus distinguishing this matter from John G., if in fact this *1082 is the law in this department. The application for an adjournment pending production of Rosario material in the form of testimony adduced at the first trial is accordingly denied.