OPINION OF THE COURT
Judith Sheindlin, J.
The issue presented in each of the above-captioned motions to reargue is whether, pursuant to section 331.4 of the Family Court Act, the presentment agency is required to provide the respondent with the transcript of the minutes of a prior trial of a corespondent.*
Respondent G. and a corespondent were arrested on July 25, 1983. Following removal of respondent G.’s case from the Criminal Court to the Family Court pursuant to CPL 180.75, this respondent failed to appear at arraignment in the Family Court and a warrant was issued for his arrest on August 2, 1983. In January, 1984, the codefendant was tried in the Supreme Court, Bronx County. On May 9, 1984, the respondent was arrested, assigned counsel pursuant to article 18-B of the County Law and arraigned in the Family Court, Bronx County.
*705 At a probable cause hearing held on May 14, 1984, the Assistant District Attorney informed the court that he did not intend to order the transcript of the minutes of corespondent’s prior trial. This court directed the Assistant District Attorney to furnish respondent G. with the transcript on or before the date set for a fact-finding hearing pursuant to section 331.4 of the Family Court Act.
Similarly, respondent was arrested and arraigned, together with a corespondent, in November, 1983. On March 22, 1984, the respondent failed to appear for a fact-finding hearing and a warrant was issued for his arrest. A fact-finding hearing was held in Family Court, Bronx County, with regard to the corespondent on May 15,1984. On June 15, 1984, respondent F. was arrested.
As in the Matter of G., the Assistant District Attorney declined to order the transcript of the minutes of the corespondent’s hearing and was directed by this court pursuant to section 331.4 of the Family Court Act, to furnish the transcript to the respondent on or before the date set for a fact-finding hearing. In the Matter of F., the respondent was represented by the Legal Aid Society.
In both matters the witnesses who testified at the prior trials of the respective corespondents were called as witnesses in the instant cases.
The District Attorney has taken the position that section 722 of the County Law provides for payment, out of county funds, for expenses incurred not only by counsel assigned pursuant to article 18-B of the County Law, but also by the Legal Aid Society in defending an indigent respondent. Therefore, there is no distinction with regard to the budgetary aspect of the issue presented in each of these motions.
In support of its position the District Attorney argues that the purpose of section 331.4 of the Family Court Act is “discovery” and therefore it should not be required to provide a respondent with minutes which are equally accessible to the respondent. Furthermore, since funds are available to the respondent for such minutes pursuant to section 722 of the County Law, it is the position of the District Attorney that the expense for the minutes sought by each of the respondents should be borne by the city. The *706 District Attorney contends that by providing the respondent with the date, time and place of the prior proceeding it has met its obligation and has made the material “available” to the respondents pursuant to section 331.4 of the Family Court Act.
The respondents argue that the transcripts of the prior trial and prior hearing are materials which must be provided to the respondent pursuant to section 331.4 of the Family Court Act and People v Rosario (9 NY2d 286).
Section 331.4 of the Family Court Act states in pertinent part:
“1. At the commencement of the fact-finding hearing, the presentment agency shall, subject to a protective order, make available to the respondent:
“(a) any written or recorded statement, including any testimony before a grand jury, made by a person whom the presentment agency intends to call as a witness at the fact-finding hearing, and which relates to the subject matter of the witness’s testimony.”
Subdivision 2 of section 331.4 of the Family Court Act similarly provides that prior to the commencement of the respondent’s direct case, the respondent is required to make available to the presentment agency any written or recorded statements made by a witness the respondent intends to call at the fact-finding hearing.
Section 331.4 of the Family Court Act is derived from CPL 240.45, which codified the Court of Appeals decision in People v Rosario (supra). (See Memorandum of Office of Court Administration, McKinney’s Session Laws of NY, 1979, p 1888.)
In People v Rosario (supra), the Court of Appeals held that a defendant is entitled to pretrial statements of a witness whom the prosecution intends to call at trial, provided that the witness’ prior statements relate to the subject matter of the witness’ testimony. According to Rosario, such statements should be “turned over” to the defendant. (See Jencks v United States, 353 US 657.)
There is no question that the minutes sought herein are Rosario material and thus discoverable pursuant to section 331.4 of the Family Court Act. Therefore, pursuant to the *707 plain and unequivocal language of section 331.4, the presentment agency must make them available to the respondent.
The District Attorney argues that they have complied with the “make available” provision of the statute by providing the requisite information to enable the respondent to obtain the transcript. Such an interpretation would create an unreasonable delay in that the court would be required to allow respondents sufficient time to obtain the minutes prior to commencing the hearing. In enacting CPL 240.45 it is this delay that the Legislature sought to avoid. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.45, p 408.)
Words in a statute cannot be expanded by the court so as to enlarge their meaning to one which the Legislature could have easily expressed and did not. (People v Shafer, 30 AD2d 213.) If the Legislature intended that the phrase “make available” means provide the necessary information and allow respondent ample time to obtain the minutes then such language would have been set forth in the statute.
In Matter of John M. (104 Misc 2d 725), the material sought by the respondent were minutes from a proceeding involving a codefendant at which respondent was not present. In that case the court held that the fact that the respondent and the People had equal access to the witness’ statement did not shift the burden of producing those statements from the People to the respondent. In People v Ward (121 Misc 2d 1092) the defendant sought statements given at defendant’s prior trial and at which trial defendant was present. The court held that CPL 240.45 placed the burden of producing the material squarely on the prosecutor despite the fact that the defendant was present during the prior testimony. (See, also, Matter of Bertha K., 58 AD2d 811; Matter of Kelvin D., 40 NY2d 895; Matter of John G., 91 AD2d 685.)
As stated by Governor Carey in his memoranda approving CPL 240.45, this legislation is “evenly balanced to avoid giving any undue advantage to either side in a criminal proceeding.” (Governor’s Memorandum of Approval, McKinney’s Session Laws of NY, 1979, p 1801.) *708 Similarly, section 331.4 of the Family Court Act charges the respondent with a reciprocal duty to produce prior statements of persons who are to testify as witnesses for the defense.
Conspicuous by its absence in CPL 240.45, section 331.4 of the Family Court Act, or the legislative history is any language to indicate that the People’s obligation to provide respondents with Rosario material is conditioned upon factors not set forth in the statute, i.e., the reason for the failure of the respondent to be present at the prior hearing or trial when such testimony was given. In this regard this court respectfully disagrees with the holding in Matter of Jerome C. (120 Misc 2d 1078). The Legislature, if it intended that such factors be considered by the court, could have easily set forth such a proviso.
This court further finds that the position of the District Attorney that respondents have funds available for such transcripts and therefore should be required to obtain same themselves is totally lacking in merit. The obligation to provide Rosario material is a mutual obligation imposed upon both the presentment agency and the respondent. The purpose is to afford each party an opportunity to effectively cross-examine adverse witnesses. There is no basis in law to support a finding that this obligation should be premised upon the availability of funds to either party for such expenses. Any determination regarding the allocation of funds is properly left to a different forum. It is beyond the jurisdiction of the Family Court to get involved in a discussion or determination of how money should be allocated on budgetary lines. It is solely for this court to interpret the phrase “make available” as set forth above.
On the basis of the foregoing, it is hereby ordered that the District Attorney, pursuant to section 331.4 of the Family Court Act, must provide the respondents with the subject transcript thereby confirming the prior determination made by this court in each case.

 The issue having been raised in both cases the motions are being consolidated for the purpose of this decision.