■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FIRESTONE, Appellant. THE PEOPLE OF THE STATE OF

NEW YORK, Respondent, v MILTON DORISON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER GETTINGER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MIRRER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN FRIEDMAN, Appellant. — Judgments of the Supreme Court, New York County (B. Altman, J., and a jury), rendered June 10, 1983, convicting defendants Firestone, Dorison and Gettinger of 12 counts of grand larceny in the second degree, 10 counts of offering a false instrument for filing in the first degree, one count of scheme to defraud in the first degree, one count each of conspiracy in the fifth degree and violation of General Business Law § 352-c (2) (Martin Act), sentencing Firestone to concurrent indeterminate terms, the longest of which is a sentence of from 2⅓ to 7 years, and imposing upon him a fine of $2,050,000, sentencing Dorison to concurrent indeterminate terms, the longest of which is a sentence of from 2 to 6 years, and imposing upon him a fine of $2,030,000, and sentencing Gettinger to concurrent indeterminate terms, the longest of which is a sentence of from 1 to 3 years, are unanimously affirmed and these matters remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Judgment of the Supreme Court, New York County (B. Altman, J., and a jury), rendered June 10, 1983, convicting defendant Mirrer of 10 counts of offering a false instrument for filing in the first degree and one count each of conspiracy in the fifth degree and violation of the Martin Act, and sentencing him to concurrent terms, the longest of which is a sentence of six months' imprisonment and 4½ years' probation, is unanimously affirmed and the matter remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Judgment of the Supreme Court, New York County (B. Altman, J., and a jury), rendered June 10, 1983, convicting defendant Friedman of 12 counts of grand larceny in the second degree and one count each of conspiracy in the fifth degree, scheme to defraud in the first degree, and violation of the Martin Act and sentencing him to probation is unanimously affirmed and the matter remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The five appellants herein were charged under one indictment with the crimes noted above stemming from the sale to the public of coal tax shelters which were invalid, because, as structured, there was no possibility of mining coal. In 1979 and 1980, through a company named International Venture Capital (IVC), the defendants sold limited partnerships, known as pro-

grams, in mining ventures. They falsely represented to investors that the programs would mine large amounts of coal, entitling the investors to substantial tax deductions, which were actually invalid.

Limited partnerships totaling some $8 million were sold to the public during this period. More than $2 million each was siphoned off from this amount and given to defendants Firestone and Dorison, the concealed promoters of these programs. In fact, of the $8 million provided by investors-limited partnerships, 95% went to IVC and various individuals, with less than 5% allocated as working capital with which to mine coal.

The evidence against each defendant was substantial and fully supports the verdicts rendered by the jury. Additionally, we find that the contentions raised by the defendants in their separate briefs lack merit. However, we take this opportunity to discuss an important issue presented by defendant Gettinger, the right of a defendant to waive a jury trial.

As early as eight months prior to trial defendant Gettinger advised the court of his intent to waive a jury. At this same time defendant had moved for a severance of his case from that of the other defendants. The motion to sever was denied on July 14, 1982. While Gettinger continued to make known his intent to waive a jury trial, he also made known his objection to the Trial Judge's suggestion of a simultaneous jury and bench trial. Eventually, Gettinger changed his mind and decided to consent to a simultaneous jury and bench trial.

On January 14, 1983, Gettinger submitted in open court a written waiver of his right to a jury trial, and the court permitted the other parties to voice their views on this application. The codefendants objected on various grounds and argued that they would be prejudiced by a joint jury and bench trial. On January 17, 1983, Justice Altman rejected Gettinger's waiver of a jury trial. Noting that it could not " 'be motivated primarily by concern for a tidy trial' " (quoting from Presiding Justice Botein's dissenting opn in *People v Diaz,* 10 AD2d 80, 95-96), the court below was also mindful of the fact that an application for a waiver in a multiple-defendant joint trial presents a multitude of problems not existent in a single-defendant case. The trial court concluded that based on the facts of this case, the present application constituted a "strategem to procure an otherwise impermissible procedural advantage", the granting of a severance, and thus denied the motion.

It was not until a State constitutional amendment was adopted in 1937 that defendants were given the right to waive a trial by jury, provided that it was "with the approval of * * *

[the] court." (NY Const, art I, § 2.) In 1960 this department ruled that the phrase "with the approval of the court" meant that a trial court was empowered with judicial discretion in deciding to grant or deny such an application. (*People v Diaz,* 10 AD2d 80, 89, *supra, affd without opn* 8 NY2d 1061.) That case also involved a multiple-defendant joint trial where only one defendant sought a bench trial. The court there listed a number of serious problems which would have attended a simultaneous jury and bench trial and affirmed the denial of defendant's application. (*Supra,* at p 92.)

Subsequently, the Court of Appeals, in *People v Duchin* (12 NY2d 351, 353), ruled that a defendant seeking to waive a jury trial is entitled to be tried by a judge when it appears that "the waiver is tendered in good faith and is not a strategem to procure an otherwise impermissible procedural advantage — such as, for instance, a separate trial on an indictment involving several defendants jointly charged with the commission of crime". It was this language which was adopted by the Legislature in 1970 when it enacted CPL 320.10. The statute states that "[t]he court must approve the * * * waiver unless it determines that it is tendered as a stratagem to procure an otherwise impermissible procedural advantage or that the defendant is not fully aware of the consequences of the choice he is making." (CPL 320.10 [2].) It is apparent from the wording of the statute that a trial court's discretion to deny an application for a bench trial is limited to a finding of one of the above-mentioned circumstances.

Taking into account the facts of this case, we unhesitatingly credit the trial court's determination that defendant's decision to waive a jury trial was indeed a strategem to obtain indirectly a severance and, therefore, an impermissible procedural advantage. It was no secret that this would be a very complicated and lengthy trial, requiring the trial court to make numerous legal rulings as to the admissibility of testimony and other evidence, thus making a joint bench and jury trial exceedingly difficult. Due regard to the interest of the other parties and to the fundamental right of a fair trial would have compelled the trial court to grant defendant Gettinger's application only by granting him a severance, therefore, enabling him to obtain that which he had already been properly denied. Obviously, defendant must have realized that the trial court could not have in this case competently and fairly handled the complexity of a simultaneous bench and jury trial, and could only have granted the application by concomitantly granting a severance. As such, defendant's waiver was tendered as a strategem to procure an

otherwise impermissible procedural advantage and the application was properly denied. Concur — Sullivan, J. P., Carro, Fein, Kassal and Rosenberger, JJ.