■ In the Matter of RONNELL J., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (De Phillips, J.), dated April 25, 1984, which, upon a fact-finding order of the same court (Jurow, J.), dated December 8, 1983, made after a hearing, finding that appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree, placed him on probation for 15 months. This appeal brings up for review the fact-finding order dated December 8, 1983.

Order of disposition affirmed, without costs or disbursements.

At the fact-finding hearing, the 14-year-old complainant testified that on August 29, 1983, he and his friend were approached and surrounded by eight youths, including appellant, and that appellant demanded complainant's money in a threatening manner. As complainant began to comply, appellant grabbed from him an envelope containing an amount of money, and he and the youths ran. Complainant went to the police and told them that he knew one of the robbers, appellant, although by first name only. Several days later, the police drove complainant around the neighborhood looking specifically for appellant, and when complainant saw appellant, he pointed him out to the police by name. Complainant then returned to the police station and gave a statement which was written down, and which, complainant testified, he examined and found to be accurate.

However, it was revealed at the fact-finding hearing that the typed police report stated that only two youths had been involved, and that they had been "stranger[s]" to complainant and his friend. Complainant insisted that he had told the police that he knew the robber, and that the typewritten report was incorrect. He claimed that he had never seen the typewritten report before the fact-finding hearing, but at the time that he gave his statement, he had been shown only a

part of the officer's handwritten report, which had been correct.

Appellant's counsel then sought production of the handwritten report. Counsel for respondent stated that all subpoenaed material had been turned over, and that while he had no personal knowledge with respect to the instant case, he did know that, generally, handwritten notes were destroyed when the report was typed. The court then denied appellant's motion for a hearing to determine whether the handwritten report was in existence.

Appellant argues here that the denial of his motion was error and reversal for a new fact-finding hearing is necessary, on the ground that the missing notes were crucial to his cross-examination of complainant.

Generally, it is true that a defendant, or as in this case, a juvenile, is entitled to the prior statements of a prosecution witness (see, e.g., People v Rosario, 9 NY2d 286, cert denied 368 US 866; Matter of John G., 91 AD2d 685), and the failure to provide such statements for use during cross-examination is reversible error (see, Matter of Kelvin D., 40 NY2d 895, 896). Here, however, appellant conceded on oral argument that the handwritten notes in question had, in fact, been destroyed, and were not in existence at the time of the fact-finding hearing. Therefore, reversal for a new fact-finding hearing is not warranted, as it is clear that appellant's cross-examination of complainant was not improperly restricted.

Finally, we note that there was adduced at the fact-finding hearing proof beyond a reasonable doubt that appellant had committed the acts charged. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.