OPINION OF THE COURT
John J. Connell, J.
The defendants are charged by an indictment with the crimes of criminal possession of a controlled substance in the first degree and two counts of criminal possession of a weapon in the third degree arising out of an alleged incident on *1058 March 28, 1986 in which seven ounces of cocaine, a sawed-off shotgun and a handgun were seized pursuant to a search warrant at premises occupied by the defendants.
Defendant Newsome (Newsome) has asked for an order pursuant to CPL 200.40 severing her trial from that of the codefendant Imburgia (Imburgia). As grounds for this request, she cites her intention to waive her right to a jury trial pursuant to CPL 320.10 as well as her intention to call her codefendant Imburgia at the time of trial. Imburgia has stated in court and through his attorney that he will not testify on behalf of Newsome in a joint trial but will testify for New-some and exculpate her if the cases are severed for trial.
Both defendants and the prosecutor contend that the case involves an allegation of constructive possession with respect to the cocaine and firearms alleged to be in the possession of the defendants. During a colloquy conducted by the court of the defendants themselves, their attorneys, and the prosecutor, all parties agree that the factual and legal issues presented in a trial of this indictment are not of a complicated nature.
A defendant has the constitutional right to waive a trial by jury (NY Const, art I, § 2) if "the waiver is tendered in good faith and is not a stratagem to procure an otherwise impermissible procedural advantage” (People v Duchin, 12 NY2d 351, 353; CPL 320.10).
In the instant case, Newsome’s request for a bench trial is properly grounded in an intention to call her codefendant as a witness to exculpate her under circumstances that would be impossible were there to be a joint trial.
Severance in this case would bring an unnecessary delay and burden to the Trial Calendar. Time to transcribe the minutes of the first trial, additional court, jury, attorney and court staff time for the second trial could all be avoided by a joint trial of this matter. Yet these concerns alone are not sufficient to deny a defendant’s right to waive a jury trial (People v Davis, 49 NY2d 114; People v Duchin, supra).
Although the CPL does not specifically authorize or prohibit a joint bench and jury trial, there is some authority for allowing it where the legal and factual issues are not overly complicated (People v Firestone, 111 AD2d 696). However, there does not appear to be any case law in New York specifically on point.
This court obtained the consent of both defendants individu *1059 ally as well as their attorneys and the District Attorney to proceed with a joint bench and jury trial in this case. This was done after explaining the significance of such a procedure and describing the order of trial that would take place under such a procedure. The jury would be instructed that they were to be the fact finders solely as to defendant Imburgia, who had exercised his constitutional right to a jury trial while the court would decide the factual issues with respect to New-some, who had exercised her constitutional right to a nonjury trial. At the time in the trial when Imburgia would be called to testify on behalf of Newsome, the jury would be excused without being informed of Imburgia’s impending testimony. His testimony would then be presented to the court as fact finder in Newsome’s trial.
Accordingly, the application by the defendant Newsome for a severance is hereby denied and her application for a nonjury trial is granted on condition that it take place at the same time as the jury trial of her codefendant.