*864 OPINION OF THE COURT
Donald J. Mark, J.
The defendants were charged with 11 counts of murder, second degree, one count of arson, second degree, and two counts of arson, third degree, in what were described as the most sensational crimes in the history of this community. The defendant Robert Ahalt made an application pursuant to CPL 320.10 to waive a jury trial, and for the reasons that follow that motion was denied.
Each defendant had executed a statement in which he denied any involvement in those crimes and also placed the entire blame for their commission on his codefendant. This is exactly the type of situation in which Cruz v New York (481 US 186, 95 L Ed 2d 162, on remand People v Cruz, 70 NY2d 733) mandates separate trials. Thus, the defendants’ application for severances were granted, but only to the extent that the defendants would be tried simultaneously before separate juries,[1] and over the objections of the defendants. This dual jury concept had recently been sanctioned, albeit without overwhelming approbation,[2] by the Appellate Division, Second Department, in People v Ricardo B. (130 AD2d 213).[3]
After very elaborate planning for the double jury trial had been completed, and just prior to the selection of the first jury, the defendant made this motion. He cited as his basis that his codefendant had committed perjury, that there had been excessive pretrial publicity, making it impossible to select a fair and impartial jury and that the court had denied his applications for a change of venue and for a severance. The defendant also requested that another attorney be substituted for his present attorney, because the latter disagreed with his decision to proceed with a bench trial.
Despite the fact that the jury panel had already assembled in the courtroom for the selection of this defendant’s jury, the defendant’s request was timely (People v McCarthy, 121 Misc 2d 1086; People v Caldwell, 107 Misc 2d 62).
CPL 320.10 provides in its pertinent parts as follows:
"1. * * * the defendant * * * may at any time before trial waive a jury trial and consent to a trial without a jury * * *
*865 "2. * * * The court must approve the execution and submission of such waiver unless it determines that it is tendered as a stratagem to procure an otherwise impermissible procedural advantage or that the defendant is not fully aware of the consequences of the choice he is making.”
Therefore, a trial court’s discretion to deny an application for a bench trial is limited to a finding that the application is tendered as a stratagem to procure an otherwise impermissible procedural advantage or that the defendant is not fully aware of the consequences of the choice he is making (People v Firestone, 111 AD2d 696).
Both grounds in the statute justifying denial of the defendant’s demand for a nonjury trial were present here, and will be considered in inverse order.
First, the defendant’s attempted waiver did not appear to be made knowingly, intelligently and voluntarily as the statute required (People v Logue, 115 AD2d 285, lv denied 67 NY2d 886; People v Cannady, 127 Misc 2d 783).
The allegation that the codefendant committed perjury, presumably a reference to that defendant’s statement, bears no relation to a request for a nonjury trial, and certainly affects this defendant’s purported waiver (Commonwealth v Garrison, 242 Pa Super 509, 364 A2d 388 [defendant’s expressed reason for waiving a jury trial to maneuver for a Judge he thought might be more lenient suggested less than a knowing, intelligent and voluntary waiver for the relinquishment of an important constitutional right];[4] see, People v Di Constanza, 31 AD2d 250, affd 26 NY2d 1014). There was extensive pretrial publicity, as claimed by the defendant, and while this might possibly be legitimate ground for waiver (see, People ex rel. Rohrlich v Follette, 20 NY2d 297), its affect had not yet been ascertained, because jury selection had not commenced (People v Smith, 63 NY2d 41, cert denied 469 US 1227, reh denied 471 US 1049; People v Boudin, 87 AD2d 133). The argument that the court had denied the defendant’s motion for a change of venue was not convincing, since no such motion had been made, nor could it be entertained because of lack of jurisdiction (CPL 230.20; see, People v Parker, 60 NY2d 714). The defendant’s final contention that his application for a severance had been rejected was belied by *866 the fact that the severance had in fact been granted, but in the form of a dual jury trial (People v Ricardo B., supra).
In summary, the reasons advanced by the defendant were such that a knowing, intelligent and voluntary waiver was not demonstrated (compare, People v Davis, 49 NY2d 114, on remand 91 AD2d 948 [defendant was intelligent, articulate and knowledgeable of the criminal justice system, asserted the right in advance of trial in a timely and unequivocal fashion, reasserted his right at every opportunity (four additional times including the day of trial) and was advised by the court and his assigned counsel of the consequences of waiving a jury trial]).
Second, the defendant’s motion to waive a jury trial was a stratagem to procure an otherwise impermissible procedural advantage (People v Firestone, supra).
This court, because of the protracted and complicated pretrial proceedings, indicated that as a matter of personal conscience to avoid even the appearance of bias it would recuse itself[5] (People v Smith, supra; People v Montpeirous, 133 AD2d 709; People v Zappacosta, 77 AD2d 928), although not required to do so (People v McKinley, 124 AD2d 752; People v Lombardi, 76 AD2d 891). Even without recusal, the charges and evidence were so complex that a joint jury and nonjury trial[6] would not be feasible (People v Firestone, supra), and the defendant, of course, would not be ready to proceed to trial until he received a transcript of his codefendant’s trial, Rosario material to which he would be entitled (Matter of John G., 91 AD2d 685; Matter of David G., 125 Misc 2d 704). Also the defendant requested a substitution of counsel because of his attorney’s disapproval of this tactic (People v Davis, supra). All these factors would cause an unnecessary and lengthy delay of the defendant’s trial, and this is not a permissible result (People v Davis, supra).
The case law of this State is replete with appellate sanction of the denial of a request for a bench trial in instances where one defendant would indirectly receive a severance from his codefendants if allowed to waive a jury trial, such severance constituting an impermissible procedural advantage (People v Diaz, 10 AD2d 80, affd without opn 8 NY2d 1061 [four defendants; one defendant moved for nonjury trial; denial *867 proper because application for waiver by only one of jointly indicted defendants]; People v Duchin, 12 NY2d 351 [dictum that an example of an impermissible procedural advantage would be a bench trial for one defendant in an indictment involving several defendants jointly charged who are entitled to a jury trial]; People ex rel. Rohrlich v Follette, supra [dictum to the same effect]; People v Firestone, supra [five defendants; one defendant moved for a nonjury trial; denial proper because that defendant indirectly seeking severance which had been previously denied]).
People v Firestone (supra) is particularly analogous to this case. There, 5 defendants were charged with various crimes involving fraud, and 1 defendant applied for severance and a nonjury trial, both of which applications were denied. The appellate court held that the defendant’s decision to waive a jury trial was a stratagem to obtain an impermissible procedural advantage. It found that the trial would be complicated and lengthy, requiring the trial court to make numerous legal rulings, making a joint bench and jury trial exceedingly difficult. It concluded that the trial court would have been compelled to grant the defendant’s application for a bench trial only by granting a severance, thereby enabling him to obtain what already had been properly denied.
Similarly, in this case, the ruling that the two defendants be tried simultaneously by two juries would be frustrated by approving the defendant’s waiver of a jury trial, for he would then have been granted by indirection the severance, which had been obliquely denied, and avoided the dual jury trial, to which he had objected. Coupled with the delay necessarily effected by the defendant’s successful motion, he would then have procured an impermissible procedural advantage.
Accordingly, the defendant’s application for a bench trial was properly denied.

. This was the second dual jury trial in this State.

. The case of other States on this issue have approved with an equal lack of enthusiasm.

. The appeal of this decision is presently pending in the Court of Appeals.

. This point seems self-evident, but no New York case could be found, perhaps for that reason.

. The defendant made no such request.

. People v Imburgia (134 Misc 2d 1057) provides authority for such a trial, but with both defendants’ consent.