**Raymond MIRRER, Petitioner,**

v.

**Kevin T. SMYLEY, Commissioner of Probation, Respondent.**

**No. 88 Civ. 2744 (KTD).**

United States District Court,
S.D. New York.

Jan. 5, 1989.

Raymond Mirrer, New York City, pro se.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, for respondent; Mark Dwyer, Donald J. Siewert, Asst. Dist. Attys., of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

This petition for a writ of habeas corpus is brought *pro se* by Raymond Mirrer pursuant to 28 U.S.C. § 2254 (1982). Mirrer is currently serving concurrent sentences of a term of six months imprisonment plus four years and six months probation and a term of five years probation imposed by the Supreme Court, New York County (Altman, J.) upon conviction after trial by jury of, respectively, ten counts of offering a false instrument for filing in the first degree and one count each of conspiracy in the fifth degree and violating the New York Martin Act. The Appellate Division of the New York State Supreme Court affirmed Mirrer's conviction by written opinion. *People v. Firestone*, 111 A.D.2d 696, 490 N.Y.S.2d

513 (1st Dep't 1985). The New York Court of Appeals twice denied leave to appeal this decision, once directly and once upon reconsideration.

In addition to his direct appeal, Mirrer has made several motions to the trial court to vacate his conviction, has made several other appeals to the New York Appellate Division and the Court of Appeals, has moved for a writ of error coram nobis, and has once before filed a petition with this court for a writ of habeas corpus. He was unsuccessful in each of these attempts.

In his prior habeas petition Mirrer alleged a number of violations of his federal constitutional rights in the state proceedings. Judge Sand reviewed the petition only after Mirrer explicitly waived his right to assert any unexhausted claims. The claims reviewed by Judge Sand are as follows: (1) insufficiency of evidence at trial; (2) violations of Mirrer's sixth amendment rights through trial court's allowing his *pro se* representation for six months before trial; (3) the trial court's failure to inquire into Mirrer's trial attorney's alleged conflict of interest; (4) ineffective assistance of counsel; (5) misrepresentation of evidence by the prosecution; and (6) improper denial of Mirrer's motion for severance. *See* Memorandum of Law for Respondent Kevin T. Smyley ("Smyley Mem."), Exh. 6 at FA-6. The Second Circuit Court of Appeals affirmed Judge Sand and then denied Mirrer's motion for rehearing. *Mirrer v. Inham*, 833 F.2d 1003 (2d Cir.1986). The Supreme Court denied certiorari. *Mirrer v. Inham*, —— U.S. ——, 108 S.Ct. 230, 98 L.Ed.2d 189 (1987).

Mirrer now brings this petition on the grounds that his constitutional rights were violated by: (1) unlawful treatment during the grand jury proceeding; (2) an indictment that charged him with crimes requiring a showing of knowledge although he had none; (3) the prosecutor's misrepresentations to the jury that denied him a fair trial; (4) the inadequacy of both his trial counsel and his appellate counsel, which denied him effective assistance of unbiased counsel; and (5) the State court's continued denial of his right of appeal. Mirrer appears to have now fully exhausted his state remedies on these claims.

## FACTS

Briefly stated, Mirrer was charged with participating with five others, in 1979 and 1980, in a conspiracy to sell limited partnerships in coal-mining ventures. The sellers represented to investors that the ventures would mine large amounts of coal and that the investors would be entitled to take tax deductions several times the amount of their cash investments. Mirrer signed an opinion, in his capacity as an attorney, that represented that the promised tax deductions were valid.

## DISCUSSION

Prior to addressing the merits of Mirrer's petition, I note that Mirrer's claims have previously been substantively reviewed at least twice in New York state courts, once in both this district court and the Court of Appeals for the Second Circuit, and certiorari has been denied by the United States Supreme Court. The respondent rightly points out that Mirrer has had his various claims reviewed by some twenty judges of both state and federal courts. Smyley Mem. at 32. Although Mirrer's claims on this petition are not identical to those raised in his earlier petition, they are sufficiently similar that this petition borders on an abuse of the writ. This is particularly relevant in light of Mirrer's waiver of any unexhausted claims prior to review of his petition by Judge Sand. *See Nell v. James*, 811 F.2d 100, 104–105 (2d Cir.1987). However, because it is within my discretion to do so, and because it may dissuade Mirrer from filing further petitions, I review the merits of his claims on this petition as follows.

Mirrer's first claim, that the state grand jury proceeding was unlawful, alleges that he was interrupted during his presentation to the grand jury and that the prosecutor failed to recall him to testify despite the grand jury's request. However, there is no federal constitutional right to a grand jury in a state criminal proceeding. The right to a grand jury is a matter

of New York State law and as such is not reviewable on a petition for habeas corpus. *See Hameed v. Jones,* 750 F.2d 154, 160 (2d Cir.), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 695 (1984).

Errors of state law are not reviewable on a habeas petition unless they " 'rise for some other reason to the level of a denial of rights protected by the United States Constitution.' " *Wainwright v. Goode,* 464 U.S. 78, 86, 104 S.Ct. 378, 383, 78 L.Ed.2d 187 (1983), *reh'g. denied,* 465 U.S. 1014, 104 S.Ct. 1017, 79 L.Ed.2d 247 (1984) (quoting *Barclay v. Florida,* 463 U.S. 939, 957–58, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983)). Although the state cannot arbitrarily deny Mirrer rights which are state created, there is no claim here of an arbitrary denial, nor do the facts support such a claim. Rather, the New York State courts have twice reviewed this claim in written opinions and found it without merit. *See* Smyley Mem., Exh. 9; *People v. Firestone,* 111 A.D.2d 696, 490 N.Y.S.2d 513 (1st Dep't 1985).

Mirrer next claims that the state grand jury indictment was defective because there was insufficient evidence to support the charge. However, a conviction by a petit jury demonstrates *a fortiori* that there was probable cause to charge that offense. *United States v. Mechanik,* 475 U.S. 66, 67, 106 S.Ct. 938, 940, 89 L.Ed.2d 50 (1986); *United States v. Midland Asphalt Corp.,* 840 F.2d 1040, 1046 (2d Cir.1988). Judge Sand, in denying Mirrer's prior habeas petition, has already determined that the conviction was supported by sufficient evidence.

Mirrer's next claim, that the prosecutor's misrepresentations of fact and law to the jury prejudiced his case and denied him a fair trial, has likewise been determined to be without merit on the prior habeas petition. In an unpublished memorandum accompanying its affirmation of Judge Sand's decision, the Court of Appeals for the Second Circuit noted that even if there had been misrepresentation, it did not cause such fundamental unfairness as would support a petition for writ of habeas corpus. Smyley Mem., Exh. 7.

Mirrer next alleges violations of his sixth amendment rights. In essence, he claims that he was denied effective assistance of both trial and appellate counsel. Mirrer asserts that he was not adequately represented by trial counsel John Wall, and that the representation by his appellate counsel Ambrose Doskow was also inadequate because Doskow failed to attack Wall's errors and bias.

The claim that Wall inadequately represented Mirrer at trial was reviewed and resolved against Mirrer by Judge Sand in the prior habeas petition. Because it has already been determined that Wall adequately represented Mirrer, the claim against Doskow for failing to argue that Wall's representation was inadequate must also fail. Moreover, there is no constitutional error in an appellate counsel's decision not to raise every nonfrivolous issue requested by the defendant. *Jones v. Barnes,* 463 U.S. 745, 746, 103 S.Ct. 3308, 3310, 77 L.Ed.2d 987 (1983).

Finally, Mirrer alleges a denial of his right to appeal. He claims that the June 25, 1985, decision of the New York Appellate Division, affirming his conviction, was contrary to the facts and that by refusing to hear his appeals further, the New York courts denied him his right to appeal. Here too, Mirrer alleges an error of New York State law that is not reviewable by this court. There is no federal constitutional right to state appellate review of a state criminal conviction. *Estelle v. Dorrough,* 420 U.S. 534, 536, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377, *reh'g denied,* 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 790 (1975). Although a state cannot arbitrarily deny the right to appeal where it has provided for such a right, there is no claim here of such a denial nor does the record support such a claim.

In sum, Mirrer's claims do not present any basis for issuance of a writ of habeas corpus. The petition is denied.

SO ORDERED.