■ In the Matter of Tony Torres, Petitioner, v Justices of the Supreme Court of the State of New York, Queens County, Respondents. — Proceeding pursuant to CPLR article 78 to prohibit the Justices of the Supreme Court, Queens County, from further prosecuting petitioner under Queens County Indictment No. 1522/80. Motion by respondents to dismiss the proceeding. Petition granted, on the law, without costs or disbursements, and respondents are prohibited from prosecuting petitioner under Queens County Indictment No. 1522/80. Motion to dismiss denied. On the record before us, it was improper for the Trial Judge to declare a mistrial during petitioner's first trial because there was no "manifest necessity" to do so (see *People v Strick,* 15 NY2d 692; *Matter of Nolan v Court of Gen. Sessions of County of N. Y.,* 11 NY2d 114). The petitioner, who was charged with robbery in the third degree and assault in the third degree, was free on $5,000 bail. On March 18, 1981 the People's case commenced and eight prosecution witnesses testified. On March 19, the final prosecution witness, Officer Esposito, was to testify. However, before he took the stand defense counsel informed the trial court that petitioner had been in an altercation and was in the hospital with a "gash in his head." Later that afternoon, defense counsel informed the court that petitioner had in fact been arrested and was in police custody. Both the prosecutor and defense counsel requested that the case be adjourned for a day or two in order to enable the petitioner to be produced. Defense counsel objected to the trial continuing in the absence of the petitioner. The prosecutor, on the other hand, asserted that if an adjournment were not granted, that the trial should be continued in the absence of the petitioner. In addition, the prosecutor objected to the declaration of a mistrial. Notwithstanding the expressed positions of both sides, the Trial Judge declared a mistrial. He reasoned that it would be improper to adjourn the matter since that would be tantamount to rewarding the petitioner for his misconduct. The Trial Judge should have granted a brief adjournment of a day

or two in order to give the petitioner an opportunity to be present at his trial. While it may be true that the petitioner's misconduct was the reason for his absence, this did not justify the declaration of a mistrial. As a result petitioner's constitutional right not to be placed in double jeopardy will be violated by reprosecution. Under the circumstances, an adjournment should have been granted (see *People v Michael*, 48 NY2d 1; cf. *Hall v Potoker*, 49 NY2d 501). Gulotta, J. P., Cohalan, O'Connor and Thompson, JJ., concur.