OPINION OF THE COURT
Samuel Greenstein, J.
The issue is whether certain existing defendants who have filed a demand for a jury, after plaintiff had requested a nonjury trial, have the right to withdraw that demand without the consent of the plaintiff, and/or the court, at any time.
Under the governing statute, CPLR 4102, a party may not withdraw a demand for trial by jury without the consent of the other parties. However, the courts have consistently and artfully construed the demand of a plaintiff for a nonjury trial as a waiver of any right to a jury trial, and therefore has consented in advance to any withdrawal of a demand for a jury trial by defendant. (Gonzalez v Concourse Plaza Syndicates, 41 NY2d 414.)
Only when it has been the plaintiff who made the jury demand and later seeks to withdraw it do the restrictions of consent to withdraw in CPLR 4102 come into play. However, even in a situation where the plaintiff has *625 waived the right to a jury trial by demanding a nonjury trial, or otherwise failing to comply with the appropriate rules for demanding a jury trial, the court has the discretion under CPLR 4102 (subd [e]) to relieve plaintiff from the failure to properly demand a jury trial if there is no undue prejudice to any other party.
Generally, the powers of CPLR 4102 (subd [e]) have been invoked to relieve a party who has failed to demand a jury trial within the time periods allotted under the CPLR and the applicable Appellate Division and local court rules. Inevitably these applications have been made prior to trial.
There appear to be no cases in which the court wrestles with the question of when the unqualified right of defendant to withdraw his demand for a jury trial, without the consent of the plaintiff or the court, ceases.
The right of withdrawal appears to be unreserved in Gonzalez (supra). However, in one case, Fritschy Corp. v Chase Manhattan Bank (36 AD2d 600), it is stated that the right to move to strike the jury demand continues until the opening of trial. The court states (p 600): “While the motion to strike may be made at any time up to the opening of trial, it is preferable in the interest of orderly procedure that it be made within a reasonable period prior thereto.”
Fritschy Corp. (supra) involved an application by defendant to strike a plaintiff’s demand for a jury because of the joinder of legal and equitable causes of action, but its time reference would seem applicable to the withdrawal of a jury demand by a defendant as well.
The question then becomes what constitutes trial. In a criminal case this is defined by statute as commencing with the selection of a jury. (CPL 1.20, subd 11; also People v Pease, 67 Misc 2d 359.)
There is no parallel statutory definition for a civil case. For administrative purposes it would appear that a case is on trial from the moment that it leaves the calendar of Trial Term, Part I, marked “select jury.” (See NY City Civ Ct Rules, §2900.12, subd [b], 22 NYCRR 2900.12 [b].) Under that section a case reached in regular order on a day calendar must either be tried or otherwise disposed of. *626 “Otherwise disposed of” consists of adjournment, dismissal, return to the general calendar, or inquest. But the moment it is marked for trial, or ready both sides, or select, in Part I, then it is on trial for administrative purposes. In that regard there does not appear to be any difference whether the jury is chosen before a Judge or not. Indeed, though the practice is to select without a Judge, any party is entitled to have a Judge present upon application. (CPLR 4107.) For appeal purposes, the selection of a jury is also part of a trial. An attorney would also be deemed “actually engaged” if he is selecting a jury. However, the use of the word “opening” of trial used by the First Department is somewhat ambiguous. It could mean — not the entire jury process, including the selection, but the moment when the jury is in the box and sworn in; the parties and their attorneys are both present, and the Judge commences his opening remarks.
The only other case that the court discovered in this area is also a First Department case. In that case a ruling was made that a demand can be made for a jury trial at any time before trial.
However, the court also ruled that although the timing of the demand was proper there was no entitlement to a jury trial in that particular type of hearing involved. (Loeb, Rhoades & Co. v Garjian, NYLJ, June 9, 1975, p 2, col 5.)
This case could reinforce the interpretation that there is no right to waive or demand a jury trial once trial has begun, which in the case of a jury trial does seem to be with the selection of the jury.
In the case at bar the plaintiff failed to demand a jury. Some of the existing defendants demanded a trial by jury. The case was marked “select” on the calendar call, and the parties were in the process of selecting when all existing defendants requested a nonjury trial.
If a jury trial begins with the selection of a jury, then the defendants herein need the permission of the plaintiff to withdraw their demand.
If trial begins when the jury is sworn in and the court commences its opening remarks, then the defendants can still withdraw their demand as of right during selection *627 and plaintiff, of course, would need the permission of the court to file a demand nunc pro tunc.
Plaintiff has moved for such an order permitting the filing of a jury demand nunc pro tunc.
In view of all of the above the court finds that the case at bar was actually on trial and therefore the defendants’ request to withdraw the jury demand required the consent of the plaintiff, which consent was declined.
Accordingly, the parties are directed to continue selecting, a jury tomorrow morning, June 23, 1981, at 9:30 a.m., and the plaintiff’s motion is denied as being moot.