OPINION OF THE COURT
Benjamin Altman, J.
It is relatively rare in a six-defendant case that only one makes application to waive his right to a jury. Yet in this proceeding such motion was made. The six defendants herein were indicted for conspiracy, scheme to defraud, violation of the Martin Act (General Business Law, § 352 et seq.) and related crimes. Several motions were made for severance and all denied by this court. Subsequently, one of the defendants, Peter Gettinger, moved to waive his right to a jury trial just prior to jury selection.
At that time, there was submitted for the court’s consideration a written waiver of the defendant’s right to a jury trial and a consent to be tried without a jury. This waiver was signed by the defendant in person in open court and in the presence of the court.
At the time this application was made, an opportunity was afforded all interested parties to present their views and positions vis-a-vis the pending application, and the court is grateful for the thoughtful and diverse positions taken by counsel.
*315 Upon a careful review of the applicable law, both case law and statutory provisions, the court finds that it must deny this application made pursuant to CPL 320.10.
The court carefully considered those arguments directed to the concern that granting a waiver would prejudice the other defendants and would unduly complicate the orderly conduct of the trial. The court rejects these arguments as not being persuasive, not relevant to the issue before the court and not being responsive to the requirements of CPL 320.10. While this court finds itself in accord with Justice Botein’s dissenting opinion in the case of the People v Diaz (10 AD2d 80, 95-96) wherein he stated — “I believe that the discretion of a Trial Judge in denying to a defendant in a criminal case the right to waive a jury trial may not be motivated primarily by concern for a tidy trial.”
This court, however, is also mindful of the majority opinion in Diaz where Justice Martin Frank stated (p 90) “Undoubtedly there is a distinction between a trial involving multiple defendants and one with a single defendant. In the latter situation, a defendant is entitled, at his option, to a trial at the bar of a court alone, unless the circumstances clearly indicate that it would not serve the ends of justice. A judge may not deny the application, for example, because it places a greater responsibility upon him, or to avoid the performance of a disagreeable duty. However, when multiple defendants are jointly tried, it is not infrequent that problems arise which are foreign to and completely absent in a case involving one defendant. It may, therefore, be proper to apply the rule governing the judicial exercise of discretion on a motion for a severance to an application for a waiver by one of several jointly indicted defendants.” (Emphasis supplied.)
In reaching its decisions, the court in Diaz reviewed the historical development of the law in this area in the common law, in constitutional law and ultimately the statutory law, pursuant to which this application was made. Upon a review of the arguments made in this case, both at present and in the past and taking into consideration the facts of this case, the court concludes that the present application would constitute a “stratagem to procure an otherwise impermissible procedural advantage”. *316 (People v Duchin, 12 NY2d 351, 353.)
The court finds that in the present circumstances, this is the only appropriate interpretation that can be made of the language contained in CPL 320.10 (subd 2). The court finds itself in accord with the position taken in the following quote: “Thus, where the defendant is requesting judicial approval to waive a trial by jury with the intent of securing some unfair ‘procedural advantage — such as, for instance, a separate trial on an indictment involving several separate defendants jointly charged with the commission of crime’, the request may properly he denied.” (Emphasis supplied.)
And that quote is from the Court of Appeals decision in People ex rel. Rohrlich v Follette (20 NY2d 297, 301).
The granting of a waiver of the right to a jury trial to the applicant would impliedly or de facto constitute the granting of a severance in this case, a form of relief which has previously been denied the applicant.