OPINION OF THE COURT
Benjamin Altman, J.
Can a defendant waive a jury in a criminal proceeding pursuant to an indictment after four jurors have been impaneled and sworn?
Defendants were indicted for assault in the second degree (two counts). The complainant and defendants were rival officials in two separate Teamsters’ International local unions. At a meeting to resolve differences in determining which one of the two locals should represent employees in a certain plant, a physical fight ensued where the alleged assaults took place.
During the initial voir dire by the prosecutrix, the court permitted the labor background of the predicate to the assault to be aired to the jury. The purpose was to weed out those prospective jurors who were (1) either so partial or prejudiced in labor matters and/or (2) so knowledgeable in National Labor Board proceedings including decertification, unfair labor practices and jurisdictional proceedings as to make it difficult for a prospective juror to be fair and impartial.
*1087 After the first prospective jurors’ panel was voir dired by the court and both sides, four jurors were impaneled and sworn; the case was adjourned to the following day for continued jury selection. Upon resumption the following morning defense counsel for both defendants moved to waive a jury and moved for a nonjury trial. The bases for the request by the defense were the following:
(1) From the voir dire of the prosecutrix the day before it was apparent that details of national labor organizational practices would have to be explored in testimony before the jury and might confuse a jury but not a Judge; hence a nonjury trial would be fair to the defendants whereas a jury trial could or would not be.
(2) A jury trial is a constitutional right for a defendant in a criminal proceeding by indictment (NY Const, art VI, § 18), however such right can be waived by a defendant in any criminal case pursuant to said Constitution (art I, § 2) except in murder in the first degree indictments.
(3) The trial had not commenced.
The prosecutrix argued that:
(1) The trial had commenced and defendants had waived their right to waive a jury trial.
(2) Sworn jurors could be excused only by consent of both sides.
(3) The introduction of technical labor practices was minimal in that the indictment charged assault and not any criminal violations of the labor laws.
(4) This was a ploy or “stratagem” used by the defense as set forth in CPL 320.10 (subd 2).
To begin with the two applicable statutes are CPL 260.10 and 320.10.
CPL 260.10 states: “Except as otherwise provided in section 320.10, every trial of an indictment must be a jury trial.”
CPL 320.10 states:
“1. Except where the indictment charges the crime of murder in the first degree, the defendant, subject to the provisions of subdivision two, may at any time before trial waive a jury trial and consent to a trial without a jury in the superior court in which the indictment is pending.
*1088 “2. Such waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court. The court must approve the execution and submission of such waiver unless it determines that it is tendered as a stratagem to procure an otherwise impermissible procedural advantage or that the defendant is not fully aware of the consequences of the choice he is making. If the court disapproves the waiver, it must state upon the record its reasons for such disapproval.”
As to item No. 1 of the prosecution’s contention — the New York State Constitution states in effect that crimes prosecuted by indictment shall be tried by a jury composed of 12 persons (art VI, § 18, subd a). CPL 1.20 (subd 11) states that “[a] jury trial commences with the selection of the jury”. A trial cannot “commence with the selection of” 4 jurors; it can only “commence with the selection of” 12 jurors.
This court holds that for the purpose of a defendant’s right to waive a jury trial no jury trial commences until the twelfth juror has been impaneled and sworn.
The issue of “selection” of a jury has come before the courts in criminal prosecutions by indictment in two other areas (other than waiver under CPL 320.10):
(1) double jeopardy (whether jeopardy has attached)
(2) Rosario material submission to defense.
The rationale in those two areas is comparable. In double jeopardy questions double jeopardy attaches when the jury is impaneled and sworn. A host of case law makes it crystal clear that only when the twelfth juror is sworn does double jeopardy attach. (See People v Morales, 69 AD2d 536; United States v Martin, 430 US 564; People v Scott, 40 AD2d 933; Brackley v Donnelly, 53 AD2d 849.)
In the Rosario submission, prosecution by statute is not required to give such material until after the jury is impaneled and sworn — not before. It is then and only then that the trial is presumed to have commenced.
There is no question in this court’s analysis that the trial pursuant to CPL 1.20 (subd 11) has not commenced under *1089 the foregoing facts and defendant has the right to waive a jury trial.
Although unnecessary, the court deems it essential to respond to prosecution’s other items.
As to item No. 2 — sworn jurors cannot be excused without both sides consenting. This is a matter of trial practice and not by case law or statute. In any event the statutory and constitutional rights of a defendant to waive a jury are paramount and overcome any practices of the courts.
As to item No. 3 — the introduction of labor practices during the course of the trial. Defendants’ argument in this regard has merit since on the issue of credibility of the various “labor” witnesses, questions of the Landrum-Griffin Act, unfair labor practices proceedings, decertification and jurisdictional issues would necessarily arise. However, since the court need not pass on this item the court does not rule on it.
As to item No. 4 — that defendants’ motion to waive is part of a stratagem as set forth in CPL 320.10 (subd 2). The court rejects this argument out of hand. People v Diaz (10 AD2d 80, affd 8 NY2d 1061) and People v Firestone (118 Misc 2d 314) are easily distinguishable.
In sum, defendants’ motion to waive a jury is granted and the response to the initial query is in the affirmative.