■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES INNIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered December 15, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At the defendant's first trial six jurors had been selected and sworn in on July 6, 1989, and six additional jurors were selected and sworn in on July 7, 1989. On July 10, 1989, the prosecutor moved for a mistrial on the ground that the ballistics expert, through whom he intended to establish the operability of the defendant's gun, was ill and that the earliest he could testify was on the 12th. Thereafter, in response to a suggestion by defense counsel, the prosecutor conceded that the gun could be retested by another member of the Ballistics Department although this would also delay the trial until the 12th. The court subsequently granted the prosecutor's motion for a mistrial over the defendant's objection.

On appeal, the defendant contends that his retrial violated his constitutional right not to be tried for the same crime twice (US Const 5th Amend; NY Const, art I, § 6). We agree.

Jeopardy attaches once 12 jurors have been sworn regardless of whether the swearing was done individually or, as here, in two groups (People v Lawton, 134 AD2d 454). Furthermore, contrary to the People's contention, jeopardy does attach as soon as a complete jury is sworn even though the alternate jurors have not been selected or sworn (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 40.30, at 278).

We note additionally that in this case there existed no manifest necessity for a mistrial (see, People v Michael, 48 NY2d 1) since the People could have arranged for an expert to testify without requiring more than a brief adjournment (see, Matter of Torres v Justices of Supreme Ct., 82 AD2d 892). Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.