OPINION OF THE COURT
Vincent E. Doyle, J.
Buring the course of jury selection in this medical malpractice action, the defendant, Ansar Ahmed, M.B., has brought a *315 motion seeking the names of the medical experts for the other parties so that he might interrogate the prospective jurors as to their knowledge of or acquaintanceship with such experts. The plaintiffs and the defendant, John T. Chua, M.D., oppose the motion and claim that CPLR 3101 (d) (1) (i) relieves them of any obligation to divulge the names of their medical experts. They argue that the name of a medical expert in a medical malpractice action need not be revealed until such expert takes the witness stand and is identified. The court disagrees.
CPLR 3101 (d) (1) (i) provides, that upon request, each party shall identify each person whom the party expects to call as an expert witness, except that "[i]n an action for medical, dental or podiatric malpractice, a party in responding to a request may omit the names of medical, dental or podiatric experts”.
That provision is part of CPLR "Article 31 — Disclosure” wherein are set forth various sections which govern pretrial discovery. Jury selection, however, is not a pretrial stage, but rather is the commencement of the jury trial itself (see, CPL 1.20 [11]). As such, the provisions of CPLR 3101 (d) (1) (i) are inapplicable.
Under the recently enacted Uniform Rules for the Trial Courts (22 NYCRR 202.33 [e]), the court is now responsible for supervising jury selection in all civil cases. The role of the Judge is to expedite the voir dire process and assure that a fair and impartial jury is empaneled. Whether a prospective juror shares any relationship, including that of a patient of a doctor-witness for any party, is a relevant factor in determining that juror’s impartiality. At a minimum, all parties should reveal to the Judge supervising jury selection the names of all witnesses that party intends to call. The Judge may, in the initial voir dire process, outline the nature of the case to the jury and inquire of the prospective jurors their familiarity with any of the parties, their lawyers, the matter at issue and the witnesses who may appear. If there is any legitimate reason to protect the identity of a witness’ name at the voir dire stage of the trial, the party seeking nondisclosure obviously will bear the burden of convincing the supervising Judge of that need. However, the mere fact that early identification of an expert witness may provide the other side with additional time to investigate the background of said expert and perhaps discover relevant information affecting credibility should not be construed as a legitimate reason to withhold the identity of such a witness. A trial is an ongoing search for the truth and thus surprises that might curtail the opposing party’s opportunity for investigation should be discouraged.
*316 Accordingly, at jury selection, the parties herein are required to reveal the names of their medical experts to the Judge supervising jury selection. The Judge, in the presence of the attorneys for the parties, may inquire as to the jurors’ knowledge or acquaintanceship with each of the medical experts and other witnesses who will be called to testify.