OPINION OF THE COURT
Sheri S. Roman, J.
Defendant moves for an order granting leave to reargue the decision and order of this court dated June 8, 1999, in which the court denied defendant’s motion to release defendant on his own recognizance. Defendant had moved for release on the grounds that the People were not ready for trial within 90 days *937 of the date of the filing of the indictment pursuant to CPL 30.30 (2) (a).
In the decision, this court found that 69 days of nonexcludable time had accrued. In addition, this court found that pursuant to CPL 30.30 (5) (a), the speedy trial time limitations started anew as of September 17, 1997, the date on which Justice Fisher granted defendant’s motion for a mistrial. Defendant moves to reargue on the ground that CPL 30.30 (5) (a) is not applicable to this case.
Defendant contends that although defendant’s counsel moved for a mistrial because of a Molineux ruling made by Justice Fisher during voir dire on September 17, 1997 and Justice Fisher granted a mistrial, defendant did not stand trial to the extent that he could move for a mistrial. Defendant contends that the motion made by defendant after the Molineux ruling was in actuality a motion for a severance and that defendant is not being retried such that the People should obtain the benefit of CPL 30.30 (5) (a).
A summary of the proceedings leading up to the mistrial is as follows:
On September 11, 1997, this indictment was sent to Justice Fisher for trial. The indictment charged defendant Clifford Jamal and codefendant Vance Maxwell with acting in concert in the commission of certain crimes including robbery in the first degree and robbery in the second degree. On September 11, 1997, both parties answered ready for trial, and the case was adjourned to September 15, 1997.
On September 15, 1997, the court commenced a Sandoval hearing and adjourned to the next day for its continuation and commencement of voir dire. On September 16, 1997, the court completed the Sandoval hearing. Thereafter, the People made a motion pursuant to People v Molineux (168 NY 264) regarding a prior crime committed by both defendants for which they were convicted. The People wished to show a prior relationship between the two defendants for the purpose of proving that the defendants were acting in concert. The court reserved decision on the Molineux application and proceeded with jury selection. The panel of prospective jurors was sworn and the court addressed the entire array. At that time, certain jurors approached the Bench and were excused on consent after bench conferences with the court. The court entertained further arguments on the Molineux application and then continued with jury selection. Sixteen jurors were seated in the jury box and the court began asking preliminary questions of the seated *938 jurors. The court completed its portion of the voir dire and the case was adjourned until the next day, September 17, 1997, to continue voir dire.
On September 17, 1997, prior to resuming jury selection, Justice Fisher rendered his decision on the Molineux application. The court ruled that the testimony regarding the uncharged robbery would be allowed on the People’s direct case as to codefendant Maxwell on the count of the indictment for which Mr. Jamal was not charged. As a result of that determination, defendant Jamal moved for a severance and mistrial on the grounds that he would be prejudiced by the jury hearing evidence that he was involved in a prior robbery. The application was granted by the court. Further, defendant Maxwell asked for a mistrial which also was granted by the court. The jury was disbanded, and the People proceeded with defendant Maxwell’s case before a new jury.
One of defendant’s main arguments in his motion to reargue is that the court incorrectly characterized the motion as one for a mistrial because, according to defendant’s counsel, “the panel of prospective jurors had not even begun voir dire as of September 17, 1997.” Counsel’s premise, however, is incorrect. A review of the minutes of September 16, 1997 indicates that the panel was actually sworn in and the court proceeded with voir dire for a substantial amount of time, covering 67 pages in the minutes.
In addition, defendant contends that pursuant to CPL 1.20 (11), the trial had not commenced because a jury had not been impaneled and sworn. In support of the motion, defendant cites the case of People v McCarthy (121 Misc 2d 1086, 1088 [Sup Ct, NY County 1983]) wherein the court held that “for purposes of a defendant’s right to waive a jury trial no jury trial commences until the twelfth juror has been impaneled and sworn.” Therefore, defendant argues, as a 12-member jury was not impaneled at the time the mistrial motion was made, the defendant could not have moved for a mistrial at that time. Thus, the use of the term “mistrial” was mischaracterized and the motion was, in actuality, for a severance.
In this case, the entire group of prospective jurors had been sworn as a panel, and 16 jurors had been placed in the jury box for voir dire. The Presiding Judge had made preliminary inquiry of the 16 jurors. The attorneys had not yet begun their portion of the voir dire and no jurors had been selected or sworn. Defendant moved for a mistrial at that point in voir dire, and same was granted by the court. The jury was disbanded after the granting of defendant’s application.
*939 The court is called upon to determine whether a trial had been commenced in this case, and a mistrial then validly declared. Or instead, was the court only granting a severance as now claimed by defense counsel. This determination is of great moment as a mistrial results in calculating time anew for purposes of CPL 30.30 (5) (a), a severance does not.
CPL 1.20 (11) in defining the term “trial,” states, “A * * * trial commences with the selection of the jury and includes all further proceedings through the rendition of a verdict.” The term “selection of a jury” is not defined and could be interpreted as meaning either the commencement of jury selection or the completion of jury selection. The courts have offered different interpretations of the commencement of trial depending oh the context in which it is raised.
However, with respect to CPL 30.30 as it concerns speedy trial motions, the courts have held that a motion to dismiss an indictment based upon a claimed denial of the right to a speedy trial must also be made prior to the commencement of trial pursuant to CPL 210.20 (1) (g) and (2). In People v Harvall (196 AD2d 553 [2d Dept 1993]) the Court held that a speedy trial motion was untimely as the trial had commenced in that matter once the case had been moved to trial and the panel of prospective jurors was waiting at the courtroom door. Also see People v Blowe (130 AD2d 668 [2d Dept 1987]) in which the Court held that a trial commences with the start of jury selection for purposes of CPL 710.40 (3) which states that a trial may not be commenced prior to the determination of a suppression motion. Also see Braves v Chua (168 Misc 2d 314, 315 [Sup Ct, Erie County 1999]) wherein the court citing CPL 1.20 (11) stated, “Jury selection, however is not a pretrial stage, but rather is the commencement of the jury trial itself.”
Defendant also contends that as this case had not commenced with a 12-member panel having been sworn, a motion for mistrial was not appropriate. In Matter of Brackley v Donnelly (53 AD2d 849 [2d Dept 1976]), an article 78 proceeding, a mistrial was declared after the selection of six jurors. The Court held that “[d]espite the fact that this case did not proceed to a state in which defendant was placed in jeopardy, the trial itself commenced with the jury selection process ” (Supra, at 850.) The Court went on to state that once the jury selection process is under way the only way to terminate the trial is by the declaration of a mistrial pursuant to CPL 280.10 (3). Also see People v Albarez (209 AD2d 186 [1st Dept 1994]); People v Singh (190 AD2d 640 [1st Dept 1993]) and People v Dennis *940 (258 AD2d 255 [1st Dept 1999]) also holding that a mistrial may be granted prior to the time an entire panel is selected and sworn.
Defendant’s arguments are predicated upon analogies to cases reviewing trial commencement vis-á-vis jeopardy issues.
In the latter situation, the defendant is deemed to have been “prosecuted” pursuant to CPL 40.30 (1) (b) and the principles of double jeopardy would apply only after a 12-member panel is sworn. (People v Innis, 182 AD2d 641 [2d Dept 1992].) All cases cited herein do not rely upon double jeopardy case law and its concomitant constitutional dimensions to determine when a trial commences.
Accordingly, this court finds pursuant to CPL 1.20 (11) that for purposes of CPL 30.30 (5) (a), a trial was commenced in this matter at the time the panel of prospective jurors was sworn. In order for the court to terminate the proceedings pursuant to defense request for a mistrial after the motion for a severance was granted, the court was also required concomitantly to declare a mistrial. (CPL 280.10.)
Pursuant to section 30.30 (5) (a), after a mistrial is declared, the time starts to run anew for purposes of speedy trial limitations. The statute does not differentiate at what stage of the proceedings the mistrial must be declared for the section to have effect. A plain reading of the section indicates that it applies to a mistrial declared at any time. (See, People v Steele, 165 Misc 2d 283; People v Weaver, 162 AD2d 486 [2d Dept 1990]; People v Davila, 257 AD2d 485 [1st Dept 1999]; People v Delacruz, 241 AD2d 328 [1st Dept 1997].)
Therefore, as a mistrial had been declared in this case by Justice Fisher, this court finds that CPL 30.30 (5) (a) applies herein and, therefore, the court adheres to its original decision.