■ SAMANTHA CARROLL et al., Appellants, v NOSTRA REALTY CORPORATION, Respondent. (And a Third-Party Action.) [864 NYS2d 10]—

Order, Supreme Court, New York County (Carol Robinson Edmead, J.), entered February 27, 2007, which denied plaintiffs' motion to vacate the court's dismissal of the action and restore the case to the calendar, unanimously affirmed, without costs.

It is well established that in order to obtain relief from a judgment or order on the basis of an excusable default pursuant to CPLR 5015 (a) (1), the moving party must provide a reasonable excuse for the failure to appear and must further demonstrate that the case or defense has merit (*Goldman v Cotter*, 10 AD3d 289 [2004]). Assessment of the sufficiency of the proffered excuse and the adequacy of merit rests within the sound discretion of the court (*Mediavilla v Gurman*, 272 AD2d 146 [2000]).

In this matter, the discovery phase of the case was delayed for a number of years. Eventually, the Supreme Court directed plaintiffs to file a note of issue and proceed to trial. In an order dated August 14, 2006, the parties were directed to appear for trial on September 18, 2006 and were instructed that "no adjournments shall be granted."

On September 18, 2006, counsel for all parties appeared

before Justice Gammerman as directed. Over the objections of defendant's counsel, and at the request of plaintiffs' counsel, Frederic M. Gold, the trial was adjourned to October 12, 2006, based on Mr. Gold's schedule.

On October 11, 2006, Mr. Gold appeared on another matter in Westchester County, was issued a jury slip on that matter, and was instructed to return on October 16, 2006 for jury selection.

On October 12, 2006, Mr. Gold's partner, Jesse Sable, appeared in Part 40 before Justice Gammerman with an affirmation of engagement, in which Mr. Gold affirmed that he was actually on trial in another matter. However, the court learned that Mr. Gold was not on trial on that date, and that the other matter had been scheduled for jury selection on October 16, 2006. The court then rejected the affirmation of engagement as misleading, and dismissed this action. On appeal, plaintiffs contend that they demonstrated a reasonable excuse because their counsel was actually engaged on trial on October 12, 2006.

Section 125.1 (b) of the Rules of the Chief Administrator of the Courts (22 NYCRR) states: "[e]ngagement of counsel shall mean actual engagement on trial or in argument before any [s]tate or [f]ederal trial or appellate court, or in a proceeding conducted pursuant to rule 3405 of the CPLR and the rules promulgated thereunder." On October 12, 2006, Mr. Gold was not actually engaged on trial or in argument before any court, and as the record reveals, was actually preparing witnesses on another matter. Accordingly, we reject plaintiffs' contention that they demonstrated a reasonable excuse for failing to proceed to trial in this action.

While there is no express definition of the term "on trial" in the applicable rules, it is commonly understood that a trial commences with the selection of a jury (*see Draves v Chua*, 168 Misc 2d 314, 315 [Sup Ct, Erie County 1996]; *Wright v Centurion Investigations*, 109 Misc 2d 624 [Civ Ct, Kings County 1981]; *see also* CPL 1.20 [11]). In any event, under no reasonable understanding of that term can an attorney who is directed to appear days later to select a jury be considered to be on trial on the day the direction is given. Contrary to plaintiffs' contention, an attorney is not actually engaged on trial when he is issued a jury slip. Accordingly, Mr. Gold was not actually engaged on trial in another matter on October 12, 2006 since he had not commenced selecting a jury in that case.

At a minimum, even if Mr. Gold believed that he was actually engaged on another matter, he was required to appear on October 12, 2006 on this action, and, pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 125.1 (c), permit the courts to determine which trial should proceed first.

We also find that plaintiffs failed to demonstrate a meritorious cause of action. Specifically, the pleadings and affidavits submitted by plaintiffs were self-serving and conclusory. Further, plaintiffs failed to submit any sworn affirmations from physicians detailing their injuries and linking them to the alleged mold in their apartment.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Lippman, P.J., Tom, Williams, McGuire and Freedman, JJ. [*See* 2007 NY Slip Op 34366(U).]