In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (McMahon, J.), entered March 13, 2012, which granted that branch of the plaintiffs’ motion which was, in effect, pursuant to CPLR 5015 (a) (1) to vacate an order of the same court entered June 18, 2009, which had granted the defendant’s unopposed motion to dismiss the action based on the plaintiffs’ failure to serve a complaint pursuant to CPLR 3012 (b), and thereupon reinstated the action.
Ordered that the order entered March 13, 2012, is reversed, on the law, with costs, and that branch of the plaintiffs’ motion which was, in effect, pursuant to CPLR 5015 (a) (1) to vacate the order entered June 18, 2009, is denied.
To vacate their default in opposing the defendant’s motion to dismiss this action based upon the plaintiffs’ failure to serve a complaint pursuant to CPLR 3012 (b), the plaintiffs were required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015 [a] [1]; Sussman v Jo-Sta Realty Corp., 99 AD3d 787 [2012]; Feldman v Delaney, 94 AD3d 1043, 1043 [2012]; Clover M. Barrett, P.C. v Gordon, 90 AD3d 973 [2011]). Such motion must be “made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party” (CPLR 5015 [a] [1]).
*779 Here, the plaintiffs’ motion to vacate the prior order of the Supreme Court, which had been entered June 18, 2009, and had granted the defendant’s unopposed motion to dismiss the instant action based on the plaintiffs’ failure to serve a complaint pursuant to CPLR 3012 (b), was untimely since it was not made within one year of service upon them of a copy of the order entered June 18, 2009, with notice of its entry (see Sussman v Jo-Sta Realty Corp., 99 AD3d 787 [2012]). In any event, even if the motion had been timely made, and we were to accept the plaintiffs’ proffered excuse of law office failure as a reasonable excuse for their default, the plaintiffs failed to demonstrate the existence of a potentially meritorious cause of action. In this action, the plaintiff Tanya Bistre (hereinafter the injured plaintiff) allegedly was struck by a motor vehicle in parking lot owned by the defendant. The plaintiffs sought to impose liability upon the defendant based on allegations that the parking lot was improperly designed. While the plaintiffs submitted the affidavit of the injured plaintiff, that affidavit was insufficient to demonstrate the potential merit of a cause of action against the defendant, as it contained only self-serving and conclusory allegations without any evidentiary support. Further, the plaintiffs failed to submit any affidavit from an expert establishing that the parking lot was improperly designed and that such design was a proximate case of the injured plaintiffs injuries. The Court of Appeals has stated that expert opinion evidence is required to demonstrate merit with respect to “matters [not] within the ordinary experience of laypersons” (Fiore v Galang, 64 NY2d 999, 1001 [1985]; see Mosberg v Elahi, 80 NY2d 941, 942 [1992]). The claims presented here required an expert affidavit to demonstrate a potentially meritorious cause of action (see Carroll v Nostra Realty Corp., 54 AD3d 623 [2008]; Murray v New York City Health & Hosps. Corp., 52 AD3d 792 [2008]; Clanton v Vagianellis, 192 AD2d 943, 944 [1993]; Cugini v System Lbr. Co., 111 AD2d 114 [1985]).
Accordingly, the Supreme Court erred in granting that branch of the plaintiffs’ motion which was, in effect, pursuant to CPLR 5015 (a) (1) to vacate the order entered June 18, 2009. Angiolillo, J.E, Chambers, Sgroi and Cohen, JJ., concur.